## MILLER v. LARAWAY.

**Venue:** CHANGE OF: ACT OF 1870. Where a party who in a civil action makes application for change of venue under section 13, chapter 167, Acts of 1870, complies with the requirements of said section, he is, as a general rule, entitled, as a matter of right, to the change; and the action of the court below in refusing it in such case will be reversed on appeal if nothing is disclosed by the record to justify its action. The discretion confided to the court by section 4727 *et seq.* of the Revision, in criminal cases, does not exist in applications in civil cases under said act of 1870.

*Appeal from Muscatine Circuit Court.*

THURSDAY, JUNE 15.

ACTION of replevin. The defendant made application for a change of venue, accompanied by the proper affidavit of himself and three disinterested persons, that the influence of the plaintiff was so great over the inhabitants of Muscatine county that defendant could not obtain a fair trial therein.

The application was overruled and the cause was tried

by a jury, which returned a verdict for plaintiff. The defendant appeals.

*Richman & Carskadden, Fairall, Boal & Jackson* for the appellant.

*Cloud & Broomhall* for the appellee.

DAY, Ch. J.— The provisions with regard to changes of venue in criminal and in civil cases differ essentially. It is provided that "in all criminal cases * * * any defendant therein may petition the court for a change of venue to another county," and that "the court, in the exercise of a sound discretion, must decide the matter of the petition, when fully advised, according to the very right of it." Rev., §§ 4727, 4733.

Section 13, chapter 167 of the laws of the Thirteenth General Assembly, which is a substitute for section 2803 of the Revision, provides that a change of venue in any civil action may be had in any of the following cases: * * * When either party files an affidavit, verified by himself and three disinterested persons, not related to the party making the motion nearer than in the fourth degree, stating that * * * * the adverse party or his attorney has such an undue influence over the inhabitants of the county that he cannot obtain a fair trial.

It has been frequently held that the granting of a change of venue in a criminal case rests in the sound legal discretion of the court. But the provisions of the law are so dissimilar in the two classes of cases, that the decisions made in criminal actions cannot be regarded as any authority in a civil cause. And as the statute expressly confers a discretion in one class, and remains silent with reference to it in the other, it is a legitimate inference that the discretion exists only in that class in which it is conferred. The provision that a *change of venue may be had* when a party

Miller v. Laraway.

complies with certain conditions, seems to imply that upon complying with the conditions he has a right to the change. The only case which has fallen under our notice in which the right to a change of venue has been drawn in question in a *civil case*, is that of *Cobb* v. *Thompson*, 10 Iowa, 367. In that case a change of venue was granted, and the party obtaining the change objected to the county to which the cause was transferred. LOWE, C. J., announcing the opinion of the court, said: "It is true that the discretion of the court in such applications is a *legal discretion*, and will ordinarily be exercised when the application is regularly made, but not necessarily in the manner asked for, nor without regard to circumstances." This case cannot be regarded as an authority to sustain a *refusal* to grant a change.

We need not, however, determine that, in all cases and under all circumstances, the court must order a change of venue when the proper application is made. The record might, perhaps, disclose a state of circumstances which would render a refusal proper, as where, from prior changes or other circumstances, it becomes apparent that the application is made merely for delay, or for the purpose of harassing and hindering the opposite party. We are clearly of opinion, however, that in this case the change should have been granted. The application complies with the law, and, in addition to the defendant, is signed by three disinterested persons. The record discloses nothing to justify the action of the court in refusing the change. If the application was properly overruled in this case, it would be difficult to conceive of one in which it must be allowed.

Appellee insists that no *motion* for a change of venue was made, and that, without the filing of a proper motion, the appellant was not entitled to such change. The record recites that "the cause came on for hearing on the *motion* of defendant for a change of venue, and the court, being

fully advised in the premises, overruled the said motion."
As the action of the court was not based upon the absence
of a motion, such absence, if established, cannot here
avail the appellee.

The judgment is reversed and the cause remanded.

Reversed.