## THE STATE v. HARRIS AND FOLSOM.

1. **Criminal law**: CHALLENGE OF GRAND JURY: WAIVER. The defendant in a criminal action may waive his right to challenge the panel of the grand jury, or any individual juror; and such waiver will be inferred when, upon being held to bail pending the action of the grand jury upon a re-submission of his case after a demurrer to one indictment has been sustained, he then fails to exercise his right of challenge.

2. ——: CONSPIRACY: PLEADING. An indictment for conspiracy must allege the conspiracy to be for the purpose of doing an illegal act, or a legal act by illegal means. MILLER, CH. J. *dissenting*.

3. ——: ——: REPLEVIN OF LIQUORS SEIZED. Intoxicating liquors seized under an information for their forfeiture are not the subject of replevin, and to take them from an officer by such process would be an illegal act. MILLER, CH. J., *dissenting*.

*Appeal from Polk District Court.*

THURSDAY, APRIL 23.

AT the November term, 1871, of the Polk District Court, the defendants were indicted for conspiracy. The cause was continued to the March term, following when the defendants demurred to the indictment. Their demurrer was sustained; and thereupon the court ordered that the defendants be held,

upon their recognizance, already taken, to answer any future indictment for the same offense, and that the matter be re-submitted to the grand jury then in session. At the same term of court, the grand jury duly returned into court another indictment accusing, "William J. Harris and Mark W. Folsom of the crime of conspiracy, committed as follows:

The said William J. Harris and Mark W. Folsom, on the 27th day of March, A. D. 1871, in the county of Polk aforesaid, well knowing that a certain eight barrels of intoxicating liquors were then lawfully in the custody and control of one W. W. Moore, as deputy marshal, of the city of Des Moines, in said county, under and by virtue of a seizure thereof, made on a search warrant legally issued by G. B. Hammer, a justice of the peace for Lee township in said county, on written information made on oath in due form of law, under the provisions of an act of the General Assembly of the State of Iowa, entitled "An Act for the suppression of intemperance, passed January 22d, 1855," by one James Wright, that he had reason to believe, and did believe that said intoxicating liquors were then owned and kept, in a place described, in said county, by one McCracken, with intent to sell the same within the State of Iowa in violation of said act, and that the said W. W. Moore, as such deputy marshal then held said eight barrels of intoxicating liquors in his custody by virtue of said seizure, to await the final judgment on said information, did then and there unlawfully, feloniously, wickedly and maliciously conspire and confederate together, with the fraudulent and malicious intent to injure the administration of public justice, by unlawfully getting the said eight barrels of intoxicating liquors out of the possession and control of the said W. W. Moore, and secreting the same so that it could not be had to be disposed of as might be finally adjudged, and ordered on the hearing of said information. And the said Wm. J. Harris and Mark W. Folsom, with the intent and for the purpose aforesaid, did then and there unlawfully cause a writ of replevin to be illegally issued by one William Connor, a justice of the peace, of Des Moines township in said county, in favor of the said William J. Harris, for said eight barrels and their

contents, by means of which said writ of replevin, they, the said William J. Harris and Mark W. Folsom, did get said eight barrels of intoxicating liquors out of the possession and control of the said W. W. Moore, and did remove and secrete the same, so that they could not be had to be disposed of under the final judgment of forfeiture rendered by said G. B. Hammer, as such justice of the peace on said information, nor the said order issued by said G. B. Hammer, as such justice of the peace on said judgment of forfeiture for the destruction of said intoxicating liquors, by reason of which said illegal, fraudulent and malicious acts of the said William J. Harris and Mark W. Folsom, and of their conspiring and confederating together as aforesaid, great injury was done to the administration of pulic justice, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Iowa."

On the day this indictment was returned the defendants moved to quash the same, because, 1. The defendants were under bond for their appearance when it was found, and were given no opportunity to challenge the grand jury. 2. That three of the grand jurors who found this indictment were on the grand jury which found the first. 3. That for that reason the said three grand jurors had formed and expressed an opinion as to the defendant's guilt, and were thereby incompetent. This motion was overruled and the defendants duly excepted.

The defendants then demurred to the indictment, because: 1. It does not charge facts sufficient to constitute the crime of conspiracy. 2. It purports to charge a conspiracy to defeat the administration of justice, but does not allege any *illegal act* done thereto. 3. Nor does it set forth *any facts or any means* agreed to be used to defeat justice. 4. It fails to set forth any facts or means which render the obtaining of the writ of replevin either unlawful or criminal. 5. It fails to show that the act conspired to be done, was either unlawful or criminal. 6. It fails to show that the act which defendants conspired to do was, or that the means used were, either unlaw-

The State v. Harris and Folsom.

ful or criminal, under the statutes of Iowa. This demurrer was overruled, and the defendants excepted, and appealed.

*Finch & Sickmon*, for appellants.

*M. E. Cutts*, Attorney-General for the State.

Cole, J.—I. Under our statute, a defendant held to answer for a public offense may challenge the panel of the grand jury, or any individual juror. Rev. of 1860, § 4611. And that a juror has formed or expressed an unqualified opinion that the defendant is guilty of the offense. for which he is held to answer, is a good cause for challenge to an individual juror. Rev., § 4613, Sub-div. 3. While this right of challenge is given by statute, it need not be exercised by the defendants. That a defendant may waive the right altogether, was decided by this court in *The State v. Felter*, 25 Iowa, 67; and that such waiver might be made by the defendant's attorney, and in his absence, was also intimated ·in the same case. It remains, therefore, to determine whether the facts of this case show a waiver of this statutory right. The defendants were in the court, certainly by attorney, on the 19th day of March, 1872, when they filed their demurrer to the former indictment, and which was then heard and determined by the court in their favor;˙ and at the time of such hearing and determination, the court made the order, holding the defendants to bail for their appearance; and that their cause be submitted again to the grand jury. This was the time and opportunity for them to exercise their right of challenge to the grand jury. A failure to do so then may well be held a waiver of their right thereto, or cause therefor, if they had any.

II. Does the indictment charge an offense? It is not questioned that it is sufficiently formal. The objections to it relate to its substance. The indictment charges that the defendants did feloniously conspire and confederate together with the fraudulent and malicious intent to injure the administration of public justice, by unlawfully

*Marginal notes:* 1. CRIMINAL LAW: challenge of grand jury: waiver. 2. ——: conspiracy: pleading.

getting eight barrels of intoxicating liquors out of the possession and control of the officer having possession of them under a search warrant legally issued upon an information for their seizure, under the act for the suppression of intemperance, and secreting them so that they could not be had to be disposed of as might finally be adjudged on the hearing of such information; and that with such intent and for such purpose, they did unlawfully cause a writ of replevin to be issued for said liquors, by means of which writ of replevin said defendants did get said eight barrels of liquor out of the possession of said officer, and did secrete the same so that it could not be had to be disposed of under the final judgment of forfeiture rendered on said information.

It cannot be questioned that to constitute a good indictment for a conspiracy, it must allege the conspiracy to be for the purpose of doing an illegal act, or the doing of a legal act by illegal means; and the counsel for the defendants insist that this indictment does not charge either—that it is not an illegal act for a person to obtain possession of his own property—and under certain circumstances intoxicating liquor is property— and that a writ of replevin is not illegal means.

Our statute enacts, Rev. of 1860, " Sec. 4251. That any person who shall knowingly, and without authority of law, take, carry away, secrete or destroy any goods or chattels while the same are lawfully in the custody of any sheriff, coroner, marshal, constable or other officer, and rightfully held by such officer by virtue of execution, writ of attachment or other legal process, issued under the laws of the State of Iowa, shall be deemed guilty of larceny, and shall be punished,       *       *       &c." Now, it has been held by this court that intoxicating liquors seized by virtue of a warrant issued upon an information for their forfeiture, are not the subject of replevin.    *Funk & Hardman v. Israel,* 5 Iowa, 438, (*i. e,*) 452.    To take them from the custody of the law by such means would not only be illegal, but would subject the party also to punishment as for contempt by the court which issued the process under which they were seized. True, a writ of replevin is a lawful process for many purpo

ses; but it is not a lawful process for the taking of property from the possession of an officer rightfully holding it under a writ properly issued in a criminal proceeding. If the defendants, therefore, as is charged in the indictment, did knowingly conspire to, and did take said liquors from the possession of the officer with intent to injure the administration of justice, the fact that they accomplished their purpose by means of a writ of replevin would not exempt them from liability, because it was illegal to use that writ in such a case.

AFFIRMED.

MILLER, CH. J., *dissenting.*—I dissent from the foregoing opinion on the questions arising upon the demurrer to the indictment. It charges that the defendants did " unlawfully, feloniously, wickedly and maliciously conspire and confederate together with the fraudulent and malicious intent to injure the administration of public justice by unlawfully getting the said eight barrels of intoxicating liquors out of the possession and control of the said W. W. Moore, and secreting the same so that it could not be had to be disposed of as should finally be adjudged and ordered on the hearing of the said information."

In a preceding part of the indictment it is alleged that a search-warrant had been issued by a justice of the peace under which Moore, as deputy marshal of the city of Des Moines, had and held the eight barrels of intoxicating liquors in his custody, pending proceedings for its condemnation in the manner prescribed by law; all of which, it is alleged, was well known to the defendants.

The unlawful acts defendants are charged with conspiring to do, are " by unlawfully getting the said eight barrels of intoxicating liquors out of the possession and control of said W. W. Moore, by means of an action of replevin, " and secreting the same so that it could not be had to be disposed of as might finally be adjudged," etc. These acts, although they may be unlawful in that the liquors could not legally be taken by writ of replevin from the deputy marshal, after he had acquired the custody of them under a regular warrant, issued in

pursuance of law, commanding their seizure, yet such acts are not criminal, nor are the alleged means used to accomplish the purposes of the alleged conspiracy shown to be criminal.

The rule is settled that an indictment for conspiracy under § 4408 of the Revision, being the section under which this indictment is drawn, must show on its face that the act to be accomplished by the conspiracy is a *criminal* one, or else, if the purpose thus disclosed does not import a crime, then *other facts* must be alleged and set forth, so as to show that the means to be employed are criminal. *The State v. Stevens*, 30 Iowa, 391; *The State v. Potter*, 28 Id., 554; *The State v. Jones*, 13 Id., 269.

There is no statute of the state making it a criminal offense to obtain by an action of replevin, or other civil action or proceeding, the custody of liquors thus in the custody of the officers of the law, and secrete them so that they cannot be disposed of as the justice of the peace might finally determine. However reprehensible such conduct may be, it does not constitute a public offense under the laws of this state. And however true it may be that an action of replevin, brought under such circumstances, cannot be maintained, still no crime would be thereby committed.

It is said that under § 4251 of the Revision, the acts charged in the indictment constitute the offense therein created and punished. That section is as follows:

"*Be it enacted*, etc., that any person who shall knowingly, *and without authority* of law, take, carry away, secrete, or destroy any goods or chattels while the same are lawfully in the custody of any sheriff, coroner, marshal, constable, or other peace officer, and rightly held by such officer by virtue of execution, writ of attachment of other legal process issued under the laws of the state of Iowa, shall be punished," etc.

This section is part of an act passed March 24, 1860, entitled "An act to prevent larceny of personal property taken on legal process." The object and purpose of the act is thus clearly expressed in the title, and the language of the section above set out, as clearly manifests that it was intended to punish those who "knowingly and without *authority of law* take,

carry away, etc., any goods and chattels while the same are lawfully in the castody of" an officer of the law, and rightly held by him. But that it was not in the contemplation of the legislature to punish one who with lawful process regularly issued from a court in due form of law, takes personal property from the possession of such officer, seems to me to admit of no doubt.

If, then, a man who should take such property from the custody of a sheriff or constable, by means of a writ of replevin, regularly issued upon a claim that the property was exempt from seizure on execution or attachment by the officer, or that it did not belong to the person against whom the writ of execution or attachment ran, but to the plaintiff in replevin, would render himself liable to indictment if he should be unsuccessful in his action, however honest he may have been in his belief that the property was not liable to seizure by the officer from whom he replevied it, for in such case the taking would be knowingly done.

I cannot believe that such was the intention of the legislature in the enactment of the statute referred to. On the contrary the taking must be "without authority of law," which cannot be when done under and by virtue of legal process duly and regularly issued according to law. In such case the taking is *with authority of law.*

The actual doing of the acts charged in the indictment being, therefore, no offense under the law, it cannot be an offense to conspire to do them, for it would be absurd to say that an intention to do an act was criminal when the act intended if committed would be no offense. *The State v. Potter, supra.*

In my opinion the demurrer should have been sustained and the judgment reversed.