THE STATE v. CERTAIN INTOXICATING LIQUORS AND HARRIS.

**Intoxicating Liquors:** CRIMINAL LAW: NEW TRIAL. A proceeding by information for the condemnation of intoxicating liquors, alleged to be kept for illegal sale, is of the nature of a criminal one, and after trial in the District Court on appeal it is error to sustain a motion by the state for a new trial.

*Appeal from Polk District Court.*

MONDAY, DECEMBER 14.

ON the 18th day of March, 1871, Isaac Brandt, a citizen and resident of Polk county, filed before G. B. Hammer, a justice of the peace, an information charging that Wm. J. Harris had in store in a building described, certain intoxicating liquors with intent to sell the same in said county, contrary to the provisions of the act for the suppression of intemperance. Thereupon the justice issued his warrant for the search of the premises, and the seizure of the liquors described.

Upon the seizure of the liquors Wm. J. Harris appeared by attorney, and filed the following paper:

"Now comes defendant, Wm. J. Harris, and admits that the four barrels seized in this case are his property, but expressly denies that the same ever was, or were at the date of the filing of the information in this case, kept by him, or by any other person for the purpose of illegal sale."

The result of the trial in the justice's court being adverse to defendant, he appealed to the District Court. At the October Term, 1873, of said court, the defendant filed his motion, supported by the proper affidavits, for a change of venue to some county beyond the limits of the fifth judicial district upon the alleged ground of the prejudice of the judge.

This motion the court overruled. The defendant thereupon filed his motion for a change of venue from Polk county, upon the ground of the prejudice of the inhabitants. The court also overruled this motion. The cause was tried by a jury, and a special verdict was returned that the liquors were not kept by defendant, Harris, in Polk county, at the time they were seized, for unlawful sale in the State of Iowa. Thereupon the State filed a motion in arrest of judgment and for a new trial, which motion the court sustained. The defendant appeals.

*Finch & Sickmon*, for the appellant.

*M. E. Cutts, Attorney-General* for the State.

DAY, J.—The court clearly erred either in refusing to grant a change of venue, or in sustaining the motion in arrest of judgment and for new trial, for the former ruling is sustainable only upon the theory that the action is criminal, and the latter upon the theory that it is civil. *Miller v. Laraway*, 31 Iowa, 538; Revision, Section 4855; Code, 4490. This proceeding is instituted under Sections 1544–1547 of the Code. We entertain no doubt that, under these Sections, the proceeding is to be treated as a criminal one. Section 1546 provides that the proceeding in the trial of such case may be the same, substantially, as in case of misdemeanor. Under this provision it is competent for the court to reject the testimony of the defendant. It will be conceded, we think, that the defendant should have the privileges which pertain to a civil trial, or the protection which follows an acquittal in a criminal one. It could not have been the intention of the legislature to treat the proceeding as a criminal one, so far as to deny the defendant the right of testifying, and as a civil one, so far as to deny him the protection which an acquittal in a criminal action affords. The court erred in sustaining the motion in arrest of judgment, and for new trial.

REVERSED.