## WEIR ET AL. v. ALLEN ET AL.

1. **Criminal Law**: REPLEVIN OF LIQUORS SEIZED. If the justice issuing a warrant for the seizure of intoxicating liquors, under section 1544 of the Code. has·jurisdiction to authorize the seizure, and the information and all the proceedings thereunder are regular, the liquors cannot be taken from the possession of the officer by a writ of replevin.

2. ———: INTOXICATING LIQUORS: JURISDICTION. The police justices of cities acting under special charters have jurisdiction to issue warrants for the seizure of intoxicating liquors, kept for purposes of illegal sale.

3. ———: ———: INFORMATION. The fact that the information does not aver that it is made by a "credible resident" of the county does not constitute a sufficient ground for demurrer or motion to quash.

*Appeal from Muscatine District Court.*

. FRIDAY, DECEMBER 14.

ACTION in equity. The petition states the plaintiffs are the "owners of certain liquors, barrels and vessels containing the same, described in suits of replevin" commenced and pending in the District Court of Muscatine county. "That petitioners are engaged in the business of keeping saloon, and as such had liquors in their possession." That the defendant, "Hunnul, as constable, seized said liquors and vessels containing the same, upon warrants issued by defendant, Williams, who is police judge of the city of Muscatine, which warrants were issued on informations sworn to by defendant Evans, but prepared by himself and defendant Allen, on their own motion and without being legally authorized to proceed in the matter by any officer of the law; that said warrants were and are insufficient in law, and that said seizures were illegal; that upon the seizure of said property petitioners commenced their action of replevin for the possessson of the same, * * * and they now have possession awaiting the final decision of this court; that notwithstanding the fact that such property has been replevied, said defendants, Williams and Hunnul, acting under the directions of said defendants, Allen and Evans, are proceeding to condemn and destroy said liquor * * *

and are about to re-seize said property in defiance of the legal
rights of the plaintiffs, to be heard before this court, and have
their rights determined thereby;     *       *       *·    that none of
the defendants are able to respond to plaintiffs in damages, they
all being without any considerable property.    The relief sought
was to obtain· an injunction restraining the defendants "from
in any manner interfering with the property of the plaintiffs,
as above described, until the final determination of said replevin
suits," and for general relief.    The defendants filed separate
answers setting up, 1. That said liquors were seized on war-
rants issued on informations duly filed before the police justice.
2. That said informations charged said liquors were intoxica-
ting, and were kept by the plaintiffs for sale contrary to law.
3. At the time the liquors were taken under the replevin suits
said liquors were in the custody of the constable, he having
seized them under and by virtue of the aforesaid warrants.
4. That the police justice was at said time about to proceed in
accordance with law, and at the proper time to try and determine
the truth of the allegations in the informations; and 5. That
defendants, after the liquors were seized and delivered to the
plaintiffs in the replevin proceedings, were proceeding to dis-
regard the same, and have said liquors condemned in strict
accord with what they claimed to be the forms of law, and not
otherwise.

The defendants filed a motion to dissolve the temporary
injunction which had been granted, and said motion came on
to be heard before the judge of said court in vacation, and the
same was sustained and the injunction dissolved.    The plain-
tiffs appeal.

*D. C. Cloud*, for appellants.

*Foster & Foster* and *R. T. Allen*, for appellees.

SEEVERS, J.—I.    If the replevin proceedings were legal, and
the liquors thereunder legally seized and taken from the con-
stable, in whose possession they were by virtue of the criminal
proceedings before the police justice, then it is possible, and it
may be conceded, that plaintiffs are entitled to the aid of a

court of equity, to restrain the defendants from proceeding with said criminal action, until the right of the plaintiffs to seize the liquors in the replevin suits was determined. That the proceedings before the police justice were in their nature criminal, was determined in *The State v. Certain Intoxicating Liquors et al.*, 40 Iowa, 95.

Ordinarily, at least, the trial of a criminal action cannot be arrested by the commencement of a civil action, either at law or equity, but no determination of this question is made.

II.   If it be conceded the police justice had jurisdiction, and the information and all the proceedings were in strict

1. CRIMINAL law: replevin of liquors seized.

accord with law, then, as we understand, the liquors in question were in the custody of the law, and they cannot be taken therefrom by virtue of the replevin proceedings. This was ruled in *Funk & Hardman v. Israel*, 5 Iowa, 438, and in *The State v. Harris et al.*, 38 Iowa, 242.

III.   It is insisted that as the city of Muscatine was incorporated by a special charter, the police justice has no jurisdic

2. ——: intoxicating liquors: jurisdiction.

tion or power to hear and determine the causes commenced before him. The first position of counsel is that Sec. 1544 of the Code in substance provides that justices of the peace are the only officers who can try and determine informations charging the illegal sale of intoxicating liquors, or that the same are kept for sale. The section referred to in express terms without doubt confers the requisite power on justices of the peace. But it does not expressly or by implication declare that no other officer has the same power and jurisdiction. In other words, Sec. 1544 does not declare that justices of the peace have exclusive jurisdiction in such cases. The real question, then, is whether the power to hear and determine such questions has been conferred on police justices in cities acting under special charters. The negative of this proposition is maintained by counsel for the appellants. It is conceded, as we understand, that the requisite power and jurisdiction were conferred on such police justices by chapter 12 of the laws of 1870. The second section of said chapter confers on police justices in cities acting under

special charters all the powers and jurisdiction possessed by police justices under sections 1117, 1118, 1119 and 1120 of the Revision, in cities incorporated under the general incorporation law, and it is not disputed that police justices in the last named cities had, under the aforesaid sections of the Revision, the power and jurisdiction to hear and determine informations filed before them for violations of the statute against the unlawful sale, or the keeping for sale, of intoxicating liquors. It is, however, insisted that the aforesaid sections of the Revision have been repealed or modified and changed by the Code, and that under section 47 of the latter the same must be regarded as no longer in force. The sections in the Code corresponding to the aforesaid sections of the Revision are 543, 544, 545 and 546. These sections are not literal trancripts of those in the Revision, but it is doubtful whether they are not substantially the same. It is unnecessary, however, to rest a determination of the question presented on such fact, if it be one. Chapter 12 of the laws of 1870 confers, as has been said, on police justices in cities acting under special charters "all the powers and jurisdiction," * * * as are now provided in the aforesaid sections of the Revision. Thus, in legal contemplation, the sections of the Revision were made part and parcel of said chapter 12 of the laws of 1870. Being thus incorporated therein, their subsequent repeal, if such be the case, by the adoption of the Code, in no manner affects them as a part of said chapter, unless the latter has also been repealed or modified. There is not, nor can there be, any pretence this has been done. No such claim is made by counsel, but only that the repeal (if such be the case) of the aforesaid sections of the Revision repeals or renders null and void the said chapter 12. For the reasons stated, we are unable to concur in this position of counsel.

IV. Section 1544 of the Code, under which the information was filed, provides that the same shall be made by any "credible resident of the county." By reason of the failure of the information to so state, it is insisted the police justice had no jurisdiction. In this view we do not concur, and it has been ruled in *The State v. Thompson*, 44 Iowa,

399, that such an objection is not a sufficient ground of de-murrer, or to quash the information. It cannot, therefore, be a jurisdictional question. Having disposed of all matters sug-gested by counsel, the result is the ruling of the district judge must be

AFFIRMED.