FRIES & CO. v. PORCH.

|49  351|
|100  381|

1. **Intoxicating Liquors: REPLEVIN.** Intoxicating liquors siezed under proceedings for their forfeiture are not subject to an action of replevin.

2. ——— : ——— : AUTHORITY OF OFFICER. The officer who had made a seizure of liquors under proceedings for their forfeiture had no authority to consent, in an action of replevin for the liquors, that judgment might be entered therefor upon payment of costs by the plaintiff.

3. ——— : ——— : VACATION OF JUDGMENT. It was competent for the attorneys of the real parties in interest to move, in the name of the officer, for a vacation of the judgment.

4. ——— : ——— : ———. When the fact had been made to appear to the court that the agreement for a judgment in the replevin suit had been corruptly made, the judgment should have been set aside.

*Appeal from Johnson District Court.*

THURSDAY, OCTOBER 24.

ON the 8th day of June, 1876, the plaintiff commenced against L. D. Porch an action of replevin for eleven barrels and two half barrels of liquor, of the alleged value of two hundred dollars, alleging that the said liquors were in the original packages in which they were imported into the State with lawful intent, and not with intent to avoid the laws of Iowa for the suppression of intemperance, and that defendant claims to hold the property under some process against one Levy. On the 12th day of January, 1877, the defendant answered, alleging that he, as a peace officer, seized the said barrels and half barrels of liquor, under and by virtue of a search warrant issued, as provided by section 1544 of the Code, by A. D. Mordoff, a justice of the peace, and that he held the same as by said warrant and by law required, and that the liquor was of the value of fifteen hundred dollars. On June 26, 1877, there was filed in said cause a stipulation signed by Porch, as follows: "It is agreed in this case that judgment shall be rendered for plaintiff in this case for the property in

said suit at the plaintiff's costs, plaintiff to pay all the costs of the case." On the same day the court entered the following judgment: "That, in consideration of said stipulation, it is adjudged that plaintiff is the unqualified owner of the property in suit: to-wit, eleven barrels and two half barrels of liquor, and that he is entitled to the possession thereof, and judgment is rendered against them for the costs of suit, taxed at —————— dollars; judgment, also, against Moses Bloom, surety on replevin bond."

On the next day the following motion was filed:

"And now comes the said defendant, by the attorneys herein, and moves the court to strike from the file the pretended stipulation for judgment filed June 26, 1877, and to vacate and set aside the judgment rendered on said pretended stipulation, on the following grounds:

"1. The said L. D. Porch is only a nominal party herein, and had no right in law to enter into any agreement prejudicial to the real party in interest.

"2. The said agreement is a part and parcel of a conspiracy to defeat the administration of public justice, and the said agreement is void. And in support hereof reference is hereby made to the petition and answer herein, to the record and the files in the case of the *State of Iowa v. Certain Intoxicating Liquors, etc.*, before C. D. Mordoff, J. P., in Iowa City township, said county, and to the affidavit hereto attached, all of which are hereby made a part hereof.

"REMLEY & SWISHER,

"Attorneys for defendant, and for the real parties in interest."

In support of this motion there was filed an affidavit of Milton Remley, the material portion of which is as follows:

"That he is a member of the firm of Remley & Swisher; that said firm was employed in the prosecution of a certain case before A. D. Mordoff, a justice of the peace of Iowa City, wherein the State of Iowa was plaintiff, and certain intoxica-

Fries & Co. v. Porch.

ting liquors defendant; that said L. D. Porch, as city marshal of Iowa City, under a warrant of search and seizure issued by said justice in said case, seized said liquors, and the same were so held by him at the time the writ of replevin was issued; that one M. Bloom, who is surety on plaintiff's bond herein, gave his receipt for said liquors, and held immediate possession of the same; that the plaintiff is a non-resident of the State of Iowa; that the bond filed in this suit is in the penal sum of four hundred dollars; that the actual value of the liquors was at least fifteen hundred dollars; that he was and is the attorney for the State in the said case before Mordoff, J P., and in this case was attorney for both Porch, the nominal party, and for the State of Iowa, the real party in interest, to secure the return of said liquors to the custody of the tribunal from which they were unlawfully taken; that the pretended stipulation of said Porch was made without his knowledge or consent, and the order for judgment thereon was made when the attorneys for the State and for Porch, city marshal, were not present in the court-room; that on June 26, 1877, said Porch told him, the said Remley, that he signed said agreement of settlement upon the assurance of plaintiff's counsel that the suit had been settled by the parties interested, but refused to make affidavit and motion to set aside the judgment under said stipulation until the next day, and on the 27th of June he refused to do anything, and stated 'that he believes plaintiff's attorney will protect him;' that said Porch is no longer city marshal; that he has not sufficient property to respond in an action for damages for violation of duty herein, and that his bond as city marshal was given in no greater sum than five hundred dollars, a sum grossly inadequate to secure the amount involved in this action."

In opposition to the motion the plaintiffs filed the affidavit of George J. Boal, of which the material parts are as follows:

"That the agreement made with defendant Porch was made in the presence of S. H. Fairall, and no representation was

made that the suit was settled; that said Porch stated that he did not wish to run the risk of being liable for any more costs, and that if the plaintiff would pay the costs, and pay him certain other costs due him in some other cases, in which plaintiff was in no way concerned, he would settle the case, and consent to judgment for the plaintiff.   I did not apply to Mr Remley in regard to the settlement, as I supposed Porch had a better right to settle his own causes, and Remley was attorney for no one but Porch; that the plaintiff's attorney never undertook to protect Porch.   When the goods were replevied they were nominally turned over to a city dray-man, to take to John Dartal's brewery, where I understood the plaintiff desired them stored, but I gave the matter no attention after that, and, if the goods were taken away, I know nothing about it personally, and am advised that said Bloom had nothing to do with any removal of said goods, and so believe; that I had no interest in the matter, except as an attorney; that I believe said Remley was never employed as the attorney of the State of Iowa, but by private persons only, and so paid in this cause, and was the attorney of defendant, Porch, and not the State of Iowa, in this cause. As the State neither was nor could be made a party defend-ant hereto, said Porch was the real party liable for all costs and damages, if any, resulting in this suit, and could in no way call upon the State to indemnify him."

The record referred to in the motion shows that informa-tion properly sworn to by J. S. Templin, against intoxicating liquors, was filed before A. D. Mordoff, justice of the peace for Iowa City township; that he issued his search warrant, in due form of law, to any peace officer to make search of the saloon kept by M. Levy, under the St. James Hotel; that L. D. Porch, city marshal, made return to this writ that he searched the premises described, and found therein eleven barrels of whisky, containing four hundred and fourteen and one-half gal-lons, and one half barrel of gin, containing twenty-three gal-

lons, which he seized and has in custody securely, subject to the further order of the court; that it was adjudged that the liquors were kept for sale contrary to law, and they, and the vessels containing them, were ordered to be destroyed, according to law; that a written order was issued to Porch to destroy the liquors, and the vessels containing the same, to which he has made no return.

The court overruled the motion to strike the stipulation from the files, and set aside the judgment, and, thereupon, the attorneys who filed the motion excepted for the State of Iowa and the prosecuting witness.

Afterward J. S. Templin, who filed the information against the liquors in question, moved the court to vacate the judgment rendered upon the agreement between plaintiffs and Porch. As cause of this motion Templin states the facts above set forth, and offers to give bond to hold Porch or other party harmless, in such amount as the court may determine, and asks that the case may, in its further progress, be prosecuted in the name of the State of Iowa by said Templin or the district attorney on the part and in behalf of the State of Iowa. The court overruled this motion, to which the said Templin excepted. Notice of appeal was served, signed by "Remley & Swisher, attorneys for the defendant and the real parties in interest." A further notice of appeal was served by J S. Templin, prosecuting witness in case of *State v. Certain Intoxicating Liquors*, who made application to have said judgment set aside.

*Remley & Swisher*, for appellants.

*Boal & Jackson*, for appellee.

DAY, J.—I. The questions involved in this case are interesting and important, being no less than whether it is competent

1. INTOXICA-TING liquors: replevin.

in this State, by sharp practice, to defeat the administration of justice, and whether this can be done with impunity. The record discloses the fact that the

liquors in question at the time of obtaining the writ of replevin were in possession of Porch, as marshal of Iowa City, having been seized under a warrant duly issued under section 1544 of the Code. In *Funk & Hardman v. Israel*, 5 Iowa, 438, this court held that where proceedings are in progress under the prohibitory liquor law, to determine whether certain intoxicating liquors are liable to be forfeited, the liquors are not subject to an action of replevin. In this case it was said: "To suffer a party in an action of replevin to take the liquors out of the hands of the officer seizing them would be an interference with the administration of justice in criminal proceedings, and would defeat the whole object and intention of the prohibitory liquor law. By that law the keeping of intoxicating liquors for sale is prohibited; the liquors so kept are declared a nuisance, and must be forfeited and destroyed. It is easy to perceive that if they may be replevied out of the hands of the officer seizing them there will be very few instances in which the object of the statute will be attained, by the destruction of the liquors kept for sale contrary to law.  *  *  *  The liquors were in the custody of the law, by virtue of process issued in a criminal proceeding, and were awaiting the action of the court under the law, by which it was to be ascertained whether or not they were liable to be forfeited, and to a judgment that they be destroyed. While such proceedings are in progress the liquors are not the subject of an action of replevin. An attempt of the owners to regain their possession by a writ of replevin would, at common law, be deemed a contempt of the jurisdiction of the court issuing the warrant."

In this case the petition in replevin alleges that the liquors are in their original packages in which they were imported

2. ——: ——: into the State with lawful intent, and not to avoid
authority of
officer.       the laws of Iowa for the suppression of intemperance, and that the defendant claims to hold the same under some process against one Levy. The petition sets forth upon its face good grounds for the action of replevin, and under it

there was no course to pursue but to issue the writ, and turn the property over to the plaintiffs. The defendant answered, alleging that the liquors were rightfully in his possession, by virtue of a search-warrant, duly issued, as provided in the Code. He showed, by his answer, that he had no proprietary interest in the property, and that he held it in an official capacity, as the mere agent or instrument of the State in the enforcement of the law, for it has been held that proceedings under this statute are criminal in their character. See *State v. Harris*, 40 Iowa, 95. The answer of the defendant, Porch, showed that his only authority and duty in relation to the liquors were to hold them securely to await the order of the court. He had no more authority to agree that plaintiff might take judgment for the possession of the liquors than he would have had to consent that, in a proceeding of *habeas corpus*, judgment might be entered for the discharge of a prisoner.

This being the attitude of the case the court ought not to have recognized the stipulation for judgment made by the defendant, Porch, but should have inquired into the truth of the allegations contained in the answer, and if, upon such inquiry, the court found that the liquors were in custody of the law, under provisions of the statute, the court should have rendered judgment for the return of the liquors to the custody of the officer, and, in default of such return, for their value. See *Funk & Hardman v. Israel*, 5 Iowa, 438; *State v. Harris & Folsom*, 38 Iowa, 242; *Monty v. Arneson*, 25 Iowa, 383.

II. It is claimed, however, that as the court did entertain the agreement and enter judgment for the plaintiff no remedy can be now applied. It is insisted that Porch did not except to the judgment, and does not now complain of it, and that there is no other party to the record who can be heard to complain. In other words, the position is, that if the officer by a corrupt agreement turns over to a claimant property which it was the duty of the officer to hold, subject to the order of the court, that the law is powerless to grant any adequate remedy, and that it may be

3. ——: ——:
vacation of
judgment.

violated and disregarded with impunity. As we have seen, the defendant, Porch, held the property, not in an individual but in an official capacity, as the agent or representative of the State. It was competent for the attorneys representing the real interests involved, in order to prevent a failure in the administration of justice, to prosecute in his name a motion to vacate the judgment, and in his name, he being the only party to the record, to appeal therefrom. See *State v. Cavers,* 22 Iowa, 343.

III. It is claimed, however, that no exception to the ruling upon the motion was taken by Porch, or in his name, and that consequently no appeal can be prosecuted in his behalf. This objection is purely technical. The record shows that the attorneys who filed the motion and prosecuted the suit against said liquors excepted for the State of Iowa and prosecuting witness. The State, as a party to the proceeding for the condemnation of the liquors involved in this action, was the real party in interest, and an exception on behalf of such party fairly saves the question for review. An exception in the name of Porch would, at the most, have been merely formal, as it cannot be claimed that he desired any exception taken or would have authorized it.

IV. The affidavit filed on behalf of the plaintiff, no less than those filed by the attorneys representing the State, shows the agreement upon the part of Porch to be unauthorized and corrupt. This affidavit states "that said Porch stated that he did not wish to run the risk of being liable for any more costs, and that if the plaintiff would pay the costs, and pay him certain other costs due him in some other cases in which plaintiff was in no wise concerned, he would settle the case and consent to judgment for plaintiff." It thus appears, from the only showing made in resistance to the motion, that the defendant Porch agreed to violate his official duty, and assist the plaintiff in defeating the administration of justice, in consideration of a pecuniary reward to be paid to him personally.

When the facts which the record discloses were brought to the attention of the court, the judgment rendered in favor of the plaintiffs for the possession of the property should have been set aside. The cause is reversed, and remanded to the court below with direction to allow a substitution of the present acting marshal of Iowa City as defendant, and to inquire whether the liquors were held by Porch pursuant to warrant issued under section 1544 of the Code, and if it shall appear that they were so held, and that judgment has been entered for the destruction of said liquors, to order that they be returned to said marshal to be dealt with as provided by law, and, in default of said return, that judgment be entered in favor of said marshal, for the use of the State, against the plaintiffs for the mercantile value of said liquors.

REVERSED.