### THE STATE v. ARLEN ET AL.

1. **Intoxicating Liquors:** CONDEMNATION: VALUE: JURISDICTION OF JUSTICE OF THE PEACE. An action for the condemnation and destruction of intoxicating liquors kept for illegal sale is a criminal action, (see cases cited in opinion,) and is not affected by the constitutional provision limiting the jurisdiction of justices of the peace in civil cases. Accordingly, *held* that such an action, brought before a justice of the peace, under §§ 1544–1547 of the Code, is within the jurisdiction of the justice, regardless of the value of the liquors involved therein.

*Appeal from Clinton District Court.*

THURSDAY, MARCH 10.

THIS is a proceeding before a justice of the peace, under Code, §§ 1544–1547, providing for the seizure, condemnation and destruction of intoxicating liquors kept for sale in violation of law. The justice rendered a judgment for the destruction of the liquors. Upon appeal, the district court dismissed the proceeding, the court holding that the justice had no jurisdiction of the case, for the reason that the liquors exceeded in value $400.

*A. J. Baker, Attorney-general*, for the State.

*Ellis & McCoy, A. Howat* and *W. C. Grohe*, for appellees.

BECK, J.—I. The defendants, by their answer, showed that the value of the liquors exceed $400, and pleaded that the justice had therefore no jurisdiction of the case. A demurrer to the answer was overruled, and judgment was entered dismissing the case; the state standing upon its demurrer.

II. The proceeding is a criminal action. *State v. Intoxicating Liquors*, 40 Iowa, 95; *Santo v. State*, 2 Id., 165; *State v. Bryan*, 4 Id., 349. It is not, therefore, within the

provision of the constitution limiting the jurisdiction of justices of the peace in civil cases.

III. There is no provision of the statute limiting the jurisdiction of justices of the peace to proceedings in cases where the liquors seized are of a specified value. The authority of the justices extends to all cases, without regard to value. There is therefore no limitation upon its exercise.

IV. But, it is said, liquors of great value may be destroyed by the judgments of a justice of the peace, who is an inferior judicial officer. This is true; but the law has so ordered. The law presumes that justice will be rightly administered by these officers; and, if the parties claiming to own the liquors think they are not subject to condemnation, an appeal may be taken to a higher court. Code, § 1546. There is no occasion for the fears expressed, that property of great value may be destroyed when not subject thereto under the law. Criminal proceedings before justices and other magistrates are authorized, under our statutes, wherein property, without regard to its value, is the subject of adjudication, and its possession and custody is disposed of; and no complaint has ever been made of injustice done under these provisions. A justice of the peace may issue a search warrant for property alleged to be stolen or embezzled. Upon the return of the warrant, the right to the possession of the property may be determined, and it may be delivered accordingly. Code, §§ 4654–4659.

*Sullivan v. City of Oneida*, 61 Ill., 242, contains arguments which we do not approve, in conflict with these views.

The judgment of the district court is

REVERSED.