STATE OF IOWA v. B. F. DOUGHERTY, Appellant.

**Intoxicating liquor:** FORMER JEOPARDY. The seizure of liquor under a search warrant is primarily a proceeding against the property seized, the question being whether the same was owned or kept for sale in violation of law at the time of seizure; and an adjudication that the same were not kept with intent to sell for wrongful purposes is not a bar to a prosecution for maintaining a place where intoxicants were illegally kept for sale prior to the time of such seizure.

*Appeal from Lucas District Court.*—HON. C. W. VERMILLION, Judge.

THURSDAY, JUNE 9, 1910.

THE defendant was convicted of maintaining a liquor nuisance, and appeals. *Affirmed.*

*Stuart, Stuart & Stuart,* for appellant.

*H. W. Byers,* Attorney-General, *Chas. W. Lyon,* Assistant Attorney-General, and *William Collinson,* County Attorney, for the State.

LADD, J.—The accused was indicted for having main-

tained a place wherein intoxicating liquors were alleged to have been illegally kept for sale and sold since January 1. 1908. He was convicted, and the only error assigned is the ruling by which a plea of former adjudication was denied. It appeared from this plea that on July 15, 1909, a search warrant was sued out of justice court and intoxicating liquors seized thereunder, that defendant and another interposed the plea in justice court that said liquors were not kept with intent to sell for other than lawful purposes and ultimately this plea was sustained and said liquors ordered to be returned to them. The issue therein was whether said liquors when seized were owned or kept by defendant for the purpose of sale in violation of law. Section 2415, Code. This was decided in the negative and necessarily exonerated him from the charge of illegally keeping the liquors in controversy. But he may have had other intoxicants in his possession at the time or before or since for the purpose of unlawful sale, and a subsequent finding to this effect was not inconsistent with the above determination. Search warrant proceedings are primarily against the liquor, not the owner, and the adjudication is limited to the beverage seized under the warrant. If such beverage was intoxicating, no more was determined than that defendant was not keeping it with intent to sell in violation of law. From the circumstances that he was keeping it for a lawful purpose, it does not necessarily follow that he was not then or before or since keeping intoxicants for an unlawful purpose. The vice in appellant's reasoning lies in the assumption that the order in the search warrant proceedings amounted to an acquittal of some offense; whereas, it merely determined defendant's purpose in keeping the particular liquors seized. The plea of defendant was rightly held insufficient. *Affirmed.*