STATE OF IOWA, Appellant, v. HUGH TAGGART, Appellee.

**CRIMINAL LAW:** Former Jeopardy—Search Warrant Proceedings
1 against Liquors. Search warrant proceedings under Sec. 2415, Code Suppl. Supp., 1915, while in their nature quasi criminal, are, however, primarily against the liquors seized, and not against a person voluntarily appearing therein for the purpose of claiming the seized liquors; and therefore Sec. 2, Ch. 322, 37th G. A., granting the State the right to appeal in such proceedings, is not unconstitutional as violating the provision of Sec. 12, Art. 1, of the State Constitution, that one cannot be placed in a second jeopardy for the same offense; and therefore one appearing to claim such liquors was not placed in jeopardy, and an appeal lies by the State to the district court from the adjudication in the justice's court that the liquors were not kept for sale in violation of law.

**CONSTITUTIONAL LAW:** Ex Post Facto Laws—Relate Only to
2 Penal Actions. *Ex post facto* laws relate only to penal and criminal actions.

**CONSTITUTIONAL LAW:** Ex Post Facto Laws—Appeal in Search
3 Warrant. Sec. 2, Ch. 322, 37th G. A., authorizing an appeal by the State in proceedings for condemnation of liquors, relates only to procedure, and is not *ex post facto* as to such proceedings instituted before the act went into effect.

INTOXICATING LIQUORS: Search Warrant Proceedings—Appeal
4   by State. An appeal by the State from a judgment against it
    in a proceeding for condemnation of liquors, under Sec. 2, Ch.
    322, 37th G. A., was sufficiently perfected where written notice of
    appeal was stamped as filed by the justice on the day of the
    judgment, but prior to the entry of the judgment upon the
    docket, the delivery thereof to the justice being the equivalent
    of an oral notice of appeal, which fact is required to be entered
    on the docket by the justice.

*Appeal from Black Hawk District Court.*—CHAS. W. MUL-
LAN, Judge.

### MAY 19, 1919.

CERTAIN intoxicating liquors were seized by a constable,
under a search warrant issued by a justice of the peace, and
removed from the premises of the Hugh Taggart Drug Store,
in Waterloo, Iowa. At the time fixed by the notice re-
quired to be given of the hearing by Section 2415 of the
Supplemental Supplement to the Code, 1915, Taggart ap-
peared, and claimed to be the owner of the liquor seized,
and that same was not kept by him for illegal sale. A trial
was had to a jury, resulting in a verdict that the liquors
were not kept for sale in violation of law; whereupon, judg-
ment was entered by the justice, ordering the liquors re-
turned to Taggart. The State appeals.—*Reversed and re-
manded.*

*H. M. Havner,* Attorney General, *F. C. Davidson,* As-
sistant Attorney General, *C. G. Watkins,* and *E. J. Wenner,*
County Attorney, for appellant.

*Mears & Lovejoy,* for appellee.

STEVENS, J.—I. No irregularities in the proceedings
before the justice are charged. The State bases its right to
appeal upon the following provision of Section 2, Chapter
322, Acts of the Thirty-seventh General Assembly, to wit:

"In any such proceeding where the judgment is against

the state, it shall have the same right of appeal to the district court, except that no bond shall be required, and if an appeal be taken by the state, the same shall operate as a stay of proceedings and the liquors seized under the warrant shall not be returned to any claimant thereof until, upon the final determination of said appeal, he is found entitled thereto."

The defendant appeared in the district court, and moved that the appeal be dismissed, upon the following grounds: (a) That the above act of the Thirty-Seventh General Assembly violates Section 12, Article 1 of the Constitution of the state of Iowa, which provides that "no person shall, after acquittal, be tried for the same offense;" and that it subjects the defendant, who had been tried and acquitted before the justice of the peace, to a second trial for the same offense; (b) that Chapter 322 of the Acts of the Thirty-Seventh General Assembly went into effect after the alleged offense of keeping the liquor for illegal sale was committed and the condemnation proceedings instituted, and, therefore, if applied to this case, must be given retroactive effect; (c) that the notice of appeal was filed by the justice before the entry of judgment. The argument of counsel for appellee is based upon the above propositions. The trial court filed a carefully prepared opinion, sustaining defendant's motion to dismiss the appeal upon the first two grounds stated above.

The affidavit for a search warrant was in the usual form, and designated as defendants John Doe, Hugh W. Taggart Drug Store, and certain intoxicating liquors. No information charging the defendant with keeping the liquor in question for illegal sale was filed. His appearance before the justice was voluntary, and for the purpose of recovering the liquors seized. Section 2415 of the Supplemental Supplement, 1915,

1. CRIMINAL LAW: former jeopardy: search warrant proceedings against liquors.

provides that:

"* * * If any person shall so appear, he shall become a party defendant in said case, and said justice or judge shall make a record thereof. * * * The proceeding in the trial of such case may be the same, substantially, as in cases of misdemeanor triable before justices of the peace, and if any person shall appear and be made a party defendant as herein provided, and shall make written plea that said liquor, or a part thereof claimed by him, was not owned or kept with intent to be sold in violation of this chapter, such party defendant may, at his option, demand a jury to try the issue, and if, upon the evidence presented, the said justice or judge or jury, as the case may be, shall, by verdict, find that said liquor was, when seized, owned or kept by any person, whether said party defendant or not, for the purpose of being sold in violation of this chapter, the said justice or judge shall render judgment that said liquor, or said part thereof, with the vessels in which it is contained, is forfeited. If no person be made defendant in manner aforesaid, or if judgment be in favor of all the defendants who appear and are made such, then the costs of the proceeding shall be paid as in ordinary criminal prosecutions where the prosecution fails. If the judgment shall be against only one party defendant appearing as aforesaid, he shall be adjudged to pay all the costs of proceedings in the seizure and detention of the liquor claimed by him, and trial, up to the time of judgment. * * *"

The issue to be tried, therefore, so far as the person appearing is concerned, is that tendered by his written plea: that is, whether he owns some part or all of the liquor seized, and kept same for illegal sale. Much of the argument of counsel for appellee is based upon the thought that proceedings under the statute for the seizure and forfeiture of intoxicating liquors are in character criminal; that, by his voluntary appearance, he became a defendant in a criminal case, and the following decisions of this court are

cited to sustain this contention: *Funk & Hardman v. Israel,* 5 Iowa 438; *State v. Certain Intoxicating Liquors and Harris,* 40 Iowa 95; *Weir v. Allen,* 47 Iowa 482; *Fries & Co. v. Porch,* 49 Iowa 351; *State v. Arlen,* 71 Iowa 216.

In each of the above cases, search warrant proceedings are referred to as in their nature criminal; but in *State v. Knapp,* 178 Iowa 25, the court classifies them as quasi criminal. Numerous decisions are cited by the State from other jurisdictions, holding that such proceedings are governed by the rules of civil procedure. In the sense that they are instituted in aid of the police regulations of the state, are enacted for the enforcement of the prohibitory liquor laws, concern the public at large, and are conducted in the name of the state, such proceedings may be said to be, in their nature, quasi criminal; but they are, however, primarily against the liquor, and not against a person voluntarily appearing therein for the purpose of claiming the liquor seized, and that same was not kept by him for illegal sale. *Drake v. Jordan,* 73 Iowa 707; *Campbell v. Manderscheid,* 74 Iowa 708; *Farley v. Geisheker,* 78 Iowa 453; *State v. Dougherty,* 147 Iowa 570; *Jones v. Mould,* 151 Iowa 599; *United States v. Olsen,* 57 Fed. 579; *United States v. Three Copper Stills,* 47 Fed. 495; *Stewart v. State,* 180 Ind. 397 (103 N. E. 316); *Stout v. State,* 36 Okla. 744 (130 Pac. 553).

The affidavit filed before the justice for a search warrant did not charge the defendant with an offense against the statute prohibiting the keeping for sale or selling of intoxicating liquors; and, as above stated, the proceeding is against the property, and not the owner; and while, under the statute, anyone claiming the same has a right to appear and file a written plea so alleging, and that same was not kept for an illegal purpose, and, by doing so, becomes a defendant in the case, yet this is for the purpose only, however, of trying the issues tendered by his written plea.

The verdict of the jury that the liquor was not kept for illegal sale did not operate as an acquittal of the defendant of an offense for which he had been put upon trial. He was not under arrest, and no charge against him was included in the information, and his liberty was not involved. The verdict of the jury fixed the status of the liquor only, and amounted to an adjudication that same was not kept, at the place and time of seizure, for an unlawful purpose. Such, in substance, is our holding in *State v. Cobb,* 123 Iowa 626, and *State v. Dougherty,* 147 Iowa 570, cited and relied upon by appellee. The defendant in *State v. Cobb,* supra, had been acquitted of the offense of keeping the particular liquors seized, and, upon the trial for the forfeiture of the liquor, pleaded an acquittal of the charge made against him personally. The court, in the course of its opinion, said:

"It is at once apparent that the fact that liquor is kept with intent that it be sold in violation of law is the ground for its forfeiture, as it is one of the grounds for a personal charge under Section 2382. As we have seen, the information against the defendant, Cobb, charged him with keeping the liquor for unlawful sale, and here it is charged again that it was kept and intended by him to be sold in violation of law. The precise issue was therefore presented in both cases, and, indeed, the district court so found. If, as found by his acquittal on that trial, the liquor was neither kept to be sold by himself nor others in violation of law, it was lawfully kept by him, and an adjudication that such was the case was a bar herein and fixed the status of the liquor."

In *State v. Dougherty,* supra, the defendant pleaded an adjudication, based upon a finding, in a proceeding to condemn the liquor, that it was not kept by him for illegal sale. The court held that this finding exonerated the defendant from the charge of illegally keeping the liquors in controversy, but said:

"The vice in appellant's reasoning lies in the assumption that the order in the search warrant proceedings amounted to an acquittal of some offense; whereas, it merely determined defendant's purpose in keeping the particular liquors seized."

The distinction between a prosecution against a person for keeping intoxicating liquors for sale, and against the liquor, was pointed out in an early case decided by this court (*Sanders v. State,* 2 Iowa 230), as follows:

"Let us look at the meaning of the act. First, it makes the keeping liquors for sale in the state, an offense. This is personal. Second, it makes liquors kept for sale in the state, a nuisance. Such a nuisance is to be abated by the forfeiture and destruction of the article. His conviction for keeping does not answer the whole end and object of the law. To fine him for keeping for sale, and then leave the thing still to be sold, would be an evasion of the intent of the law. That intent is to remove the occasion of the evil. These two objects might, perhaps, be united in one proceeding; and if they were, it would not be pretended that his conviction for keeping with intent to sell would prevent the destruction of the thing. Why, then, should it be a bar, when the two objects are sought in separate proceedings? The act does not seem to contemplate that the liquors *must* be seized, in a proceeding against one for keeping it for sale, but evidently permits it to be pursued separately. We will not say that it *requires* it. This being correct, the conviction of the defendant for keeping with intent to sell, is not a bar to a prosecution against the liquors themselves as a nuisance, and for the abatement of the nuisance."

Clearly, the defendant has not been put upon trial for an offense punishable under the criminal laws of this state, and has not, therefore, in any sense within the meaning of that term, which applies to persons only, been placed in jeopardy. 16 C. J. 235; *Sanders v. State,* supra; *United*

*States v. Olsen,* supra; *Origet v. United States,* 125 U. S. 240; *Jones v. Mould,* 151 Iowa 599.

It follows that the most that can be claimed by defendant is that the proceedings in the justice of the peace court, but for the State's appeal, would amount to an adjudication that the particular liquors seized were not kept by him illegally. The act of the Thirty-Seventh General Assembly, granting the State the right to appeal from a finding against it in a proceeding for the forfeiture and condemnation of intoxicating liquors claimed to have been kept for unlawful sale, does not violate Section 12, Article 1, of the Constitution of the state of Iowa, and the motion of the defendant to dismiss upon this ground was improperly sustained.

II. *Ex post facto* laws relate to penal and criminal actions only. *Calder v. Bull,* 3 Dallas 386 (1 L. Ed. 648); *Watson v. Mercer,* 8 Peters 88 (8 L. Ed. 876); *Carpenter v. Commonwealth of Pennsylvania,* 17 How.

2. CONSTITUTIONAL LAW: *ex post facto* laws: relate only to penal actions.

456 (15 L. Ed. 127); *Locke v. New Orleans,* 4 Wall. 172 (18 L. Ed. 334). The proceeding in this case for the condemnation of intoxicating liquors is quasi criminal, but no offense is charged in the information against the defendant. His appearance was voluntary, and for the purpose of claiming ownership of the liquor seized, and that same was legally in his possession.

3. CONSTITUTIONAL LAW: *ex post facto* laws: appeal in search warrant.

His situation was in no wise changed or altered by the enactment of Chapter 322, Acts of the Thirty-Seventh General Assembly, authorizing an appeal on behalf of the State. The only judgment, in any event, that can be rendered against him in the district court, is for costs. No fine or other punishment can be imposed against him. In any event, the statute relates only to procedure, and does not aggravate a crime with the commission of which he is charged, or make it greater than when it was

committed, nor increase the punishment or alter the legal rules of evidence, or provide for his conviction upon less or different testimony than was required at the time an alleged offense was committed by him, and does not alter the situation of the accused to his disadvantage. *State v. Mallett,* 129 N. C. 714 (34 S. E. 651) ; *Mallett v. State of N. C.,* 181 U. S. 589 (45 L. Ed. 1015). Clearly, the law in question is not, as applied to the case at bar, *ex post facto.*

III. It appears from the record that, after the jury returned its verdict, the county attorney gave the justice written notice of appeal to the district court. The justice marked the same: "Filed November 10, 1917, at 9:40 A. M." Whether the docket of the justice shows the same particularity as to the time when the other entries were made, is not disclosed. The county attorney, in resistance to defendant's motion to dismiss the appeal, filed his affidavit, stating that he prepared and left the notice with the justice, with the request that he mark same filed after the judgment was entered; but, by stipulation of the attorneys of the respective parties, entered in the district court, the record of the justice was corrected so as to show that the notice was stamped filed before the verdict or judgment of the justice was actually entered upon his docket.

**4. INTOXICATING LIQUORS: search warrant proceedings: appeal by State.**

Section 2415 of the Supplemental Supplement provides that the proceeding in the trial of cases for the forfeiture of intoxicating liquors shall be the same, substantially, as in cases of misdemeanor triable before such justice. Chapter 322, Acts of the Thirty-Seventh General Assembly, granting to the State the right of appeal, amends the above section by adding the provision relating to appeal thereto. The State is thereby given the same right of appeal to the district court as the party appearing and claiming the liquor, against whom a judgment has been entered for costs. The

only objection urged to the manner of taking the appeal is that, at the time the notice was filed by the justice, no judgment had been entered from which an appeal could be taken.

Section 5612 of the Code provides that:

"The justice rendering a judgment against the defendant must inform him of his right to an appeal therefrom, and make an entry on the docket of the giving of such information, and the defendant may thereupon take an appeal, by giving notice orally to the justice that he appeals, or by delivering to the justice, not later than twenty days thereafter, a written notice of his appeal, and in either case the justice must make an entry on his docket of the giving of such notice."

The docket entries of the justice appear to have been made on the day the notice of appeal was left with him. The obvious purpose of the notice was to appeal from the judgment, when entered, and it was in the hands of the justice at that time. The mere fact that same was stamped filed before the docket was actually made up is of no consequence. It was not necessary that same be served upon the defendant or his attorney, and the delivery thereof to the justice was at least the equivalent of an oral notice that the State appealed from the judgment entered upon the verdict. The statute requires the court to inform a defendant convicted of a misdemeanor of his right to appeal therefrom, and he is required only to orally give notice that he appeals, which fact must be entered by the justice upon his docket. Proceedings in justice court are necessarily more or less informal, and technical rules of procedure are disregarded. The appeal could not be perfected until judgment was entered, and we assume that the justice observed the statute requiring him to note the giving of notice of appeal upon his docket; and that this was done after judgment had been actually entered. This was sufficient.

For the reason indicated, the judgment of the court below must be, and is,—*Reversed.*

LADD, C. J., WEAVER and GAYNOR, JJ., concur.