STATE OF IOWA, Appellant, v. ABE ADELMAN, Appellee, et al.

**INTOXICATING LIQUORS:** Searches, Seizures, and Forfeitures— Potential Liquors. Utensils and articles of food, even though possessed with the intent to employ them in the future in the manufacture of intoxicating liquors, are not subject to search warrant and confiscation, under a statute authorizing such seizure and confiscation of *intoxicating liquors.*

*Appeal from Polk District Court.*—LESTER L. THOMPSON, Judge.

JUNE 22, 1923.

APPEAL from an order entered in an intoxicating liquor search warrant proceeding, whereby certain articles seized were ordered returned. Facts are stated in the opinion.—*Affirmed.*

*Ben J. Gibson,* Attorney-general, *B. J. Powers,* Assistant Attorney-general, and *Vernon Seeburger,* County Attorney, for appellant.

*Johnson, Donnelly & Lynch* and *Wilson, Shaw & Murrow,* for appellee.

ARTHUR, J.—This action was instituted under the statute relating to search and seizure of intoxicating liquors, Section 2413, Supplemental Supplement, 1915. · Search warrant was issued by one of the judges of the municipal court of the city of Des Moines, and certain intoxicating liquor and other articles were seized. The articles seized, as shown by return of the warrant, were: One pint of alcohol and one pint·bottle two thirds full of alcohol; one still top; one piece of copper; 193 cases of bottles; 24 100-pound sacks of barley; 313 cases of raisins; 43 cases of hops; and various kinds of malt, corn sugar, juniper berries, corks, hydrometers, bottle stoppers, iodine, serving glasses, etc. Notice of such seizure was posted in due form.

Defendant, Adelman, appeared, and filed application for return to him of all·of the property seized, with the exception of the pint bottle of alcohol and the pint bottle two thirds. full of alcohol, under Section 2415, Supplemental Supplement, 1915. Application for discharge of the property seized stated, in substance, that the property was not possessed by the defendant with intent to use as a means of committing public offense, and was not in the possession of defendant for the purpose of concealing it or preventing it from being discovered; that the property so seized was not the subject of search and seizure under any provision of the laws of Iowa; that the search warrant under which said property was seized, if it authorized anything, authorized only the seizure of intoxicating liquor, and that the property seized and herein referred to was not intoxicating liquor, and not the subject of seizure under said search warrant; and that the officers intended to introduce the articles in evidence against defendant, Adelman, in a liquor prosecution.

Upon hearing of the application for return of the property seized, other than the alcohol, the municipal court granted the application, and ordered return of the property to defendant, Adelman. Thereupon, the State perfected an appeal to the Polk County district court.

I. In the district court, the State filed resistance to the application for return of the property, and introduced testimony in support thereof, in substance as follows: That the raisins taken were of a kind commonly used in the manufacture

of liquor, and the barley taken was susceptible of such use, as were the hops; that the juniper berries seized were of a kind commonly used in the manufacture of gin, and had no commercial value aside from such use; that the corn sugar and the malt seized under the search warrant were of the kind commonly used in the manufacture of intoxicating liquor; that the hydrometers were of the kind used in testing the specific gravity of liquors; that the copper coil or still top and other utensils seized were of the kind commonly used in the manufacture of intoxicants. It was further shown by the State that, after the search was made, defendant, Adelman, had been· charged with maintaining a liquor nuisance. The State also introduced testimony to show that the hops and the variety of sugar, malt, and juniper berries seized were not susceptible of use for purposes other than the manufacture of intoxicants. Defendant, Adelman, offered no testimony.

Upon hearing of said application and resistance, the district court ordered return of the property other than the alcohol, to defendant, Adelman, from which order this appeal is taken.

II. Errors relied upon by appellant State for reversal are that, the property seized having been shown to be susceptible of use in the manufacture of intoxicating liquors, and so intended to be used by defendant, it was error to order the same returned; and that, the record showing that criminal charges were pending against defendant, Adelman, for violation of intoxicating liquor laws, and that the property seized was needed as exhibits in evidence in said prosecution, it was error to order return of the property. The case is argued elaborately and ably by counsel on both sides. It would be an unnecessary repetition for us to discuss the questions of fact and law involved in this case.· At the present term of this court, on the 22d day of June, 1923, an opinion was handed down in *State of Iowa v. Certain Intoxicating Liquors and Other Property and Jack Collins,* 196 Iowa 230, in which the decisive question here involved is fully covered and determined. Said case controls the decision of the instant case.

Results in affirmance of the judgment of the trial court.— *Affirmed.*

PRESTON, C. J., EVANS and DE GRAFF, JJ., concur.