JOHN B. HAMMOND, Chief of Police, Petitioner, v. DES MOINES MUNICIPAL COURT et al., Respondents.

**INTOXICATING LIQUORS:** Searches, Seizures, and Forfeitures. Articles and utensils which *may* be used in the manufacture of intoxicating liquor are not subject to search warrant and confiscation under Sec. 2413, Suppl. Supp., 1915, authorizing seizure and confiscation of intoxicating liquors. (But now, see Ch. 23, 40 G. A.)

**REPLEVIN:** Right of Action and Defenses. Though replevin will not lie to recover property in the possession of the law, and though the remedy of the owner in a case of seizure of utensils which could be used in the manufacture of intoxicating liquors should have been by motion to return the property, yet, since the trial court in the instant case so considered it, and the order to return the property has been fully executed, only a moot question is presented.

**INTOXICATING LIQUORS:** Searches, Seizures, and Forfeitures— Costs. The officer making the search and seizure is not personally liable for the costs thereof.

*Certiorari to Polk District Court.*—HERMAN ZEUCH, Judge.

MARCH 11, 1924.

THE facts appear in the opinion. The writ is dismissed and judgment affirmed.—*Affirmed.*

*John J. Halloran, Reson S. Jones, Chauncey A. Weaver,* and *Paul Hewitt,* for petitioner.

*C. D. Royal,* for respondents.

PER CURIAM.—1.  Chapter 23, Acts of the Fortieth General Assembly, took effect July 4, 1923.  By this act certain sections of the statute were repealed, and the law was broadened so as to cover under the search and seizure statutes, instruments and materials, as well as intoxicating liquors.

Prior to the taking effect of this act, and in April, 1923, a search warrant for intoxicating liquors was issued by the municipal court, and three copper cans and two copper boilers were seized.  This property was taken from the possession of one Sam Caspe.  In June, Caspe filed his petition in replevin, to recover possession of these instruments or vessels, alleging that they were taken from him wrongfully and without authority of law.

1. INTOXICATING LIQUORS: searches, seizures, and forfeitures.

The defendant in the replevin suit, plaintiff here, answered about July 3d, alleging that the property was taken under a search warrant, and that the property is now in the custody of the court, and not subject to replevin.  The writ of replevin does not appear in the record, and we do not understand that it was served.  The trial court, considering the petition for replevin as a motion to return the property, or a motion to quash the writ, on July 11, 1923, made the following order:

"This matter comes on for special hearing by order of the court, to determine whether the writ of replevin heretofore issued by this court shall be complied with; the matter having been heretofore presented on July 3d, and the court having heretofore filed its opinion holding that the possession of the property in question by the defendant without authority of law," the property was ordered returned to the plaintiff, and it was so returned.

It is from this order that the present proceedings are prosecuted.  It does not appear whether intoxicating liquors were also seized.  The above order was made before the final determination of the search warrant case.

We think that the recent cases of *State v. Certain Intoxicating Liquors,* 196 Iowa 230, and *State v. Adelman,* 196 Iowa 234,

are controlling as to the want of authority at the time the seizure in the instant case was made, and that the statute as it then existed did not authorize the seizure of the property in question, which could be properly used for lawful purposes.

It is contended by petitioner that replevin will not lie to recover possession of property in the custody of the law. This may be conceded, as a general rule. It was also contended by petitioner that the remedy of Caspe was by motion to return the property. As said, the trial court so considered it.

2. REPLEVIN: right of action and defenses.

Although the procedure may have been somewhat irregular, we do not feel justified in annulling the proceedings. If this were done, doubtless a motion in regular form could be filed. Furthermore, the property was returned to Caspe. He is not a party to the proceedings in this court. The order has been fully complied with, and is no longer executory, but has been fully performed. We think defendant's contention is well taken, that only a moot question is presented. As bearing on this, see *Dugane v. Smith,* 140 Iowa 674, 677.

2. The petitioner as an officer may not be personally liable for the costs of the seizure. See, also, Section 2415, Supplemental Supplement, 1915. Petitioner contends that judgment should not have been rendered for costs at that stage of the proceedings. The case is still pending in the court below, and the error, if any, in taxing the small amount of costs, can be corrected on the final hearing. Pursuant to Section 4160 of the Code, the writ is annulled and the proceedings affirmed, except as to the costs. Further proceedings may be had in reference thereto. *Writ dismissed and judgment affirmed.*

3. INTOXICATING LIQUORS: searches, seizures, and forfeitures: costs.