BENJAMIN THATCHER *vs.* GEORGE E. WEEKS and another.

Kennebec.    Opinion December 17, 1887.

*Officers.    Prevention of crimes.    Drums.    Trover.*

An officer who has taken a drum from a person, whom he had arrested for beating the drum in violation of a city ordinance, cannot detain it after the trial of the offender, although he had reason to believe and did believe that. the offense would be again immediately committed if the drum was restored.

Trover will lie for the owner of the drum against the officer who refuses to restore it upon demand after the trial has been had.

ON exceptions from the superior court.

Trover against the mayor and city marshal (H. T. Morse) of Augusta, for the value of two drums alleged to have been converted, August 20, 1885. The writ was dated November 16,. 1885. The drums were restored to the plaintiff after the commencement of the action, and the plaintiff at the trial claimed only nominal damages for the detention of the drums.

The opinion states the facts bearing upon the question raised. by the exceptions.

*Melvin S. Holway*, for the plaintiff, cited : Bishop, Crim. Pro. § 212 ; *Bullock* v. *Dunlap*, 2 Ex. D. 43 ; 19 Eng. Rep. 363 ;. *Ex parte Craig*, 4 Wash. C. C. 110.

*A. M. Goddard*, for the defendants.

"And really it is an honor, and almost a singular one, to our English laws, that they furnish a title of this sort, (Prevention of crimes) since preventive justice is, upon every principle of reason, of humanity, and of sound policy, preferable in all. respects to punishing justice." 4 Wend. Bl. Com. 251.

And for a more modern and American authority, I will cite 1 Bishop on Criminal Pr. § § 183, 210, 211, extracts from which the presiding judge read as a part of his charge to the jury, and which probably constitutes the part most objectionable to the plaintiff.

I find a case exactly parallel in Vermont, in the discussion of

which the learned judges express their surprise that the plaintiff should have had the presumption to have brought such an action, the law being so clear that it had never been questioned in the history of legal proceedings. *Spalding* v. *Preston*, 21 Vt. 9.

EMERY, J.   One of the defendants was the city marshal of Augusta, and had arrested the plaintiff for violation of a city ordinance in beating drums.   The case does not show what the officer did with his prisoner, but we may assume that he did his duty and took him within a reasonable time before the proper court for trial; we may also assume that the court duly disposed of the charge.   At the time of the arrest, the officer also took from the plaintiff the drums, and had kept them for some over three months, when the plaintiff, after demand, brought this action of trover for their value.   The officer did not bring the drums before any court or magistrate, nor did he obtain any order or decree from any magistrate as to their disposition.

The officer (the defendant) claims it was no part of his duty so to do.   He claims that for the purpose of preventing any further violation of the city ordinance, he could lawfully take the drums, thus being unlawfully used, and could lawfully detain them in his own possession so long as he had reason to believe and did believe that the plaintiff would immediately again use the drums in the same unlawful manner, if restored to him.   The principle thus contended for by the officer, would enable him to detain the team of a person arrested for too fast driving, so long as he, the officer, believed with reason the owner would immediately repeat his offence of too fast driving if the team were restored to him.

Does the power of executive officers extend so far?

It is common learning that an officer may, without a precept, arrest any person he finds committing an offence.   It is also well known that he must within a reasonable time, bring his prisoner before the proper court, or obtain a legal precept for detaining him.   A failure to do so may make the officer a trespasser.   R. S., c. 133, § 4.   An officer making an arrest upon a criminal charge, may also take from his prisoner the

instruments of the crime and such other articles as may be of use as evidence upon the trial. These may not be confiscated or destroyed by the officer however, without some order or judgment of a court. We do not find any authority or reason for the officer rendering any judgment in the matter. He holds the property, as he does the prisoner, to await and subject to the order of the court. The officer, having taken into his possession such articles as will supply evidence, " holds them to be disposed of as the court shall direct." Bish. Cr. Pr. 211. "The taking of things from the arrested person does not change the property in them. The officer holds all such property subject to the order of court." *Ibid.* 212. Wharton, in his Crim. Pr. § 61, (8th ed.) says : "They (the articles taken from the prisoner) should be carefully preserved for the purposes of the trial, and after its close, returned to the person whose property they lawfully are."

In *Spalding* v. *Preston,* 21 Vt. 9, relied upon by the defendant, the prisoner was committed for trial, and the officer was preserving the property (counterfeit coin) to be used as evidence at the trial. The court held that the officer could lawfully retain them for that purpose. In the case before us, it is not claimed that the drums were detained for evidence. The trial was presumably long over.

There is an evident difference also, between articles which can only have an unlawful use, like counterfeit coin, and articles in themselves innocent, like drums. If an officer may indefinitely hold the former, it does not follow that he can so hold the latter. Yet in the former case, it is provided by our statute, R. S., c. 125, § 12, that all such contraband articles are to be kept "by the direction of the court or magistrate having cognizance of the case."

We think it clear that after the trial is over, the officer has no right to detain the property without some order of court. The court below sustained the defendant's contention above stated. We think this was error.

*Exceptions sustained.*

PETERS, C. J., WALTON, DANFORTH, VIRGIN and FOSTER, JJ., concurred.