BERNARD E. GETCHELL *vs.* F. L. PAGE et als.

Kennebec.    Opinion January 8, 1908.

*Officer. Criminal Matters. Articles Usable as Evidence. Same may be taken and Detained by Officer. Law relating Thereto, Stated. Statute, 1905, chapter 92, sections 2, 3. R. S., chapter 29, sections 49, 55.*

1.  An officer making an arrest upon a criminal charge may also take into his possession the instruments of the crime and such other articles as may reasonably be of use as evidence upon the trial. The title to the property remains in the owner, but the lawful possession is temporarily in the officer for evidentiary purposes, subject to the order of court.

2.  An officer authorized to execute a warrant properly issued for the search and seizure of intoxicating liquors under R. S., chapter 29, section 49, who finds the liquors complained of and arrests the owner or keeper, may also take and carry away such articles of property as may reasonably be used as evidence of guilt in the trial on the search and seizure process.

3.  Such officer may also detain such articles to be presented to the grand jury at its next sitting as evidence that the owner or keeper is guilty of maintaining a liquor nuisance, or of keeping a drinking house and tippling shop, or of being a common seller of intoxicating liquors.

4.  The common law right and duty of officers executing search and seizure processes against intoxicating liquors, issued under R. S., chapter 29, section 49, to take and temporarily detain articles of property as evidence of crime, is not in any way limited or modified by section 55 of the same chapter which specifically makes it the duty of officers executing such process to take " all dumps or appliances for concealing, disguising or destroying liquors," as well as all bottles, drinking glasses and other articles mentioned in the last named section. These statutory provisions are in affirmation of the common law duty of officers, and are not exclusive.

5.  An officer executing a warrant of seizure and arrest, who takes articles of property to be used as evidence of the crime is not required to make return of such taking, upon his warrant.

6.  In the case at bar, *held*, that the defendants as officers executing a search and seizure process were justified in taking to be used as evidence the cork stoppers, funnels, copper measures, bottles and mugs, the value of which the plaintiff sued to recover. But the case does not show that the two baskets taken, valued at one dollar, were reasonably useful as evidence. The plaintiff therefore is entitled to judgment for their value.

On report.   Judgment for plaintiff for one dollar.

Action of trespass de bonis asportatis brought in the Superior Court, Kennebec County.   Writ dated August 10, 1906.   The declaration in the writ is as follows:

"In a plea of trespass, for that the said defendants, at said Augusta, on the thirteenth day of June, A. D., 1906, with force and arms took and carried away the goods and chattels, to wit, twelve bags containing cork stoppers of the value of twenty dollars, three boxes containing cork stoppers of the value of ten dollars, one pint copper funnel of the value of one dollar, one-half pint copper funnel of the value of seventy-five cents, one patent straining funnel of the value of one dollar and twenty-five cents, one gallon copper measure of the value of three dollars, one quart copper measure of the value of one dollar and fifty cents, one pint copper measure of the value of one dollar and twenty-five cents, one half-pint copper measure of the value of one dollar, fifty quart bottles of the value of one dollar and fifty cents, thirty pint bottles of the value of sixty cents, fifty half-pint bottles of the value of seventy-five cents, two baskets of the value of one dollar, and four glass mugs of the value of twenty cents, all then and there found and being the proper goods, chattels and property of the plaintiff and of great value, to wit, the value of forty-three dollars and eighty cents, and then and there unlawfully converted the same to the use of the said defendants, against the peace of the State and to the great damage of the plaintiff, as he says, the sum of five hundred dollars.

"And also for that the said defendants, at said Augusta, thereafterwards on the said thirteenth day of June, A. D., 1906, wilfully and maliciously intending and contriving to injure the plaintiff and to deprive him of his property and to hinder and prevent him from carrying on his drug business, then and there with force and arms took from the possession of the plaintiff and carried away twelve bags containing a large quantity of cork stoppers, three boxes containing another large quantity of cork stoppers, one pint funnel, one-half pint funnel, one straining funnel, one gallon measure, one quart measure, one pint measure, one half-pint

measure, fifty quart bottles, thirty pint bottles, fifty half-pint bottles, two baskets and four glass mugs, all then and there found and being the proper goods, chattels and property of the plaintiff and of great value, to wit, the value of forty-three dollars and eighty cents, and thence hitherto have maliciously and unlawfully deprived the plaintiff of the possession of the same, against the peace of the State and to the damage of the said plaintiff (as · he says) the sum of five hundred dollars, which shall then and there be made to appear, with other due damages."

Plea, the general issue with brief statement as follows :

"And for a brief statement of special matter of defence to be used under the general issue pleaded, the said defendants further say :   That in taking the goods and chattels described in the plaintiff's writ they were acting under and by virtue of a warrant issued by the Municipal Court of the City of Augusta, and that in the execution of said warrant they were acting as Deputy Enforcement Commissioners and by virtue of the authority and power with which they were clothed as Deputy Enforcement Commissioners legally appointed, and that the taking of said goods and chattels was by virtue of said warrant and the authority conferred upon them as said Deputy Enforcement Commissioners."

Tried at the January term, 1907, of said Superior Court.    At the conclusion of the evidence the case was "reported to the Law Court for its determination on the facts and law applicable thereto."

The case is stated in the opinion.

*A. M. Goddard*, for plaintiff.

*Charles F. Johnson*, for defendants.

SITTING :  WHITEHOUSE, STROUT, SAVAGE, SPEAR, CORNISH, KING, JJ.

SAVAGE, J.    This is an action of trespass de bonis asportatis. The defendants admit the taking of the articles described. and seek to justify as Deputy Enforcement Commissioners appointed under the provisions of chapter 92 of the Public Laws of 1905, relating to the better enforcement of the laws against the manufacture and sale

of intoxicating liquors. They claim that they were acting under and by virtue of a warrant properly issued for the search and seizure of intoxicating liquors under the statutes of this State prohibiting the unlawful sale or keeping of such liquors, and were authorized to take and detain the articles as evidence. The case comes before this court on report.

The case shows that the defendants armed with a warrant for search and seizure issued by the judge of the Municipal Court for the city of Augusta, under the provisions of R. S., chap. 29, sect. 49, searched the plaintiff's drug store in Augusta, found and seized a large quantity of intoxicating liquors and the vessels in which they were contained, and took them away. At the same time they carried away the articles named in the plaintiff's writ. They arrested the plaintiff and took him before the Municipal Court. One of them made return upon the warrant, of the arrest and of the seizure of the liquors, but not of the taking of the other articles. These articles were taken by the defendants to be used as evidence against the plaintiff and were carried to their storehouse. At the hearing on the search and seizure process, these articles were not brought before the court, but the defendants asked the judge of the court for directions as to the further retention and custody of these articles, which the judge declined to give, because no return of their taking had been made on the warrant. However, they retained them in their storehouse and carried them before the grand jury at the next criminal term of the Superior Court in Kennebec County in September, 1906, as evidence that the plaintiff was guilty of violations of the liquor law. In the meantime, after demand, this suit was brought August 10, 1906.

The plaintiff contends that the justification offered by the defendants fails for two reasons. First, because no return was made on the warrant of the taking of these articles, and, secondly, because as he claims, the defendants were not authorized by law to take the articles, or at the most, not all of them.

It is well settled that an officer making an arrest upon a criminal charge may also take into his possession the instruments of the crime and such other articles as may reasonably be of use as evi-

dence upon the trial. The officer not only has the lawful power to do so, but he would be blameworthy if he failed to do so. The maintenance of public order and the protection óf society by efficient prosecution of criminals require it. The title to the property remains in the owner, but the lawful possession is temporarily in the officer for evidentiary purposes, subject to the order of court. *Thatcher* v. *Weeks,* 79 Maine, 547 ; *Spalding* v. *Preston,* 21 Vt. 10 ; Bishop. Crim. Pro. 211. The plaintiff does not seek to controvert this principle of the common law. But he contends that in prosecutions for the violation of the prohibitory liquor law of this State the common law principle has been superseded by the express provisions of statute. He relies upon that part of section 55 of chapter 29, Revised Statutes, which reads as follows : "All dumps or appliances for concealing, disguising or destroying liquors, so that the same cannot be seized or identified, found in the possession or under the control of any person or persons, shall be taken by the officer making such search or seizure, so far as the same is practicable, together with all bottles and drinking glasses or vessels found in the possession or under the control of any such person or persons, and carried before the next grand jury sitting in said county, where said seizure and search is made, and the same, together with all evidences of such dumps or appliances for concealing, disguising or destroying liquors, shall be presented to said grand jury for their consideration, and the same shall thereafter be subject to the order of the court issuing the warrant for said search and seizure." The plaintiff claims that this statutory provision is both mandatory and exclusive, that it was intended to cover and does cover the whole ground, and that the right of an officer to take articles of personal property to be used as evidence is limited by the statute to the various kinds of articles named therein. We are unable to agree with this interpretation. The statute certainly does not say so, and we do not think it was meant so. We think, on the contrary, that the statutory provisions referred to are in affirmation of the common law duty of officers, and are not exclusive. When we consider the history of legislation in this State for the prohibition of the liquor traffic, the frequent legislative efforts

to make the law more effective, and the increasingly stringent mandates laid upon officers to enforce the law, we are persuaded that the purpose of the legislature in enacting the statute in question was to emphasize sharply the duty of officers in this respect, by express statutory command.    And if this is so, it would be singular indeed, if the legislature at the same time intended to narrow the common law power of officers, and impliedly forbid them to take articles of evidence not expressly named in the statute.    We do not think such a construction of the statute is permissible.

It is accordingly the opinion of the court that the defendants, who were vested by law with all the common law and statutory powers of sheriffs in the enforcement of the law against the manufacture and sale of intoxicating liquors, Public Laws of 1905, chap. 92, sects. 2 and 3, were acting within their lawful authority when they took and carried away to be used as evidence such of the articles described in the writ as were reasonably evidentiary.    We think they were authorized not only to hold them to be used as evidence at the hearing before the Municipal Court, if necessary, in the search and seizure process, but to detain them to be presented to the grand jury at its next sitting as evidence that the plaintiff was maintaining a liquor nuisance, or keeping a drinking house and tippling shop, or was a common seller of intoxicating liquors.    They were evidence of crime, of the plaintiff's crime.    And the right of the officers who took them to detain them as evidence accords both with common law and common sense.

Nevertheless, the plaintiff contends that the defendants are not protected by their attempted justification, because no return of the taking of these articles was made on the warrant.    We think it was not required.    It is true beyond question that an officer who acts under a warrant, and arrests a person or seizes property, must make return of all the things which he does, and which he is commanded to do, by the warrant.    If he fails to make such a return, the warrant is no protection to him.

In this case the warrant was issued under section 49 of chapter 29, R. S.    The officer holding it was commanded therein to search for the liquors complained of, and if found "to seize and safely keep

the same, with the vessels in which they are contained, until final action and decision be had thereon, and to apprehend the said Bernard E. Getchell forthwith," etc. These things were all that the officer executing the warrant was commanded by the warrant to do, and of the doing of these things due return was made. He was not commanded by the warrant to take evidentiary articles. He was commanded by the law to take these. He did not take them by virtue of the warrant, but by virtue of the law, prescribing his general duties. We think he was no more required to make return on his warrant of articles so taken, than is an officer required to make return upon a warrant of the taking of the bloody knife or empty revolver of the murderer whom he has arrested.

From these considerations it follows that an action of trespass will not lie against the defendants under the circumstances of this case, for the taking of articles of an evidentiary character for the purpose of using them as evidence before the Municipal Court, and later before the grand jury. It only remains to inquire whether any of the articles named in the writ are of such a character as might not reasonably be used as evidence against the defendant of violations of the liquor law. The articles consisted of cork stoppers in bags and boxes, pint and half pint copper funnels, a straining funnel, copper measures, quart, pint and half pint bottles, glass mugs and two baskets. All of these articles, except the baskets, we think might reasonably have been regarded and used as evidence against the plaintiff. While it is true that they were appropriate of use in the plaintiff's drug business, they were also susceptible for use in the illicit traffic in intoxicating liquors. Such articles, even in a drug store, might from their quantity and situation, taken in connection with other circumstances, be of significant weight in tending to fasten guilt upon the proprietor. But the question does not go to the weight or force of the evidence, but to its relevancy.

We think the baskets, however, stand upon a different footing. There might be circumstances which would make their possession evidence of the unlawful character of the plaintiff's business, but

none are disclosed in the record. And accordingly the plaintiff is entitled to recover their value, which is one dollar.

*Judgment for the plaintiff for one dollar damages.*