STATE OF IOWA, Appellee, v. CERTAIN INTOXICATING LIQUORS; JACK COLLINS, Appellant.

**INTOXICATING LIQUORS:** Searches, Seizures, and Forfeitures—Potential Liquors. Utensils and articles of food, even though possessed with the intent to employ them in the future in the manufacture of intoxicating liquors, are not subject to search warrant and confiscation, under a statute authorizing such seizure and confiscation of *intoxicating liquors.*

*Appeal from Lucas District Court.*—D. M. ANDERSON, Judge.

JUNE 22, 1923.

APPEAL from a judgment of condemnation of certain articles of personal property seized 'on a search warrant in connection

with . intoxicating liquor.   The opinion states the facts.—
*Reversed.*

*C. W. Stuart* and *J. A. Penick,* for appellant.

*Ben J. Gibson,* Attorney-general, and *C. F. Wennerstrum,*
County Attorney, for appellee.

De Graff, J.—Certain intoxicating liquors with containers
and certain personal property intended to be used in the manu-
facture of similar liquor were seized by virtue of a legal search
warrant.   The defendant Jack Collins filed a written claim of
ownership (Section 2415 Supplemental Supplement to the Code
1915), and demanded the return of the articles of personal prop-
erty alleging that the same were not subject to be seized, con-
fiscated or destroyed under the search and seizure statute in
relation to intoxicating liquor.   The justice of the peace, from·
whose court the search warrant issued, ruled adversely to the
claimant and a review was had in the district court of the state
of Iowa in and for Lucas County.·  The rulings of the justice
court were affirmed and from the judgment entered by the dis-
trict court this appeal is taken.

It is undisputed that upon a search of the described prem-
ises belonging to the defendant there was found and seized 210
gallons of mash in a state of fermentation, and 10½ gallons of
liquor that contained 52.78 per cent alcohol by volume.   At the
same time and place there was seized one copper still with the
appurtenances thereunto belonging.   The legal propriety of the
judgment of condemnation of the still, mash and liquor is not
questioned.   In a case of this character the statute provides
that when liquor is seized under a search warrant "the court
rendering final judgment of forfeiture shall issue to the officer
having said liquors in custody, or to some other peace officer, a
written order, directing him forthwith to destroy said liquor and
vessels containing the same."

Are certain other articles of merchandise seized at the same
time and place within the legal purview of the search and sei-
zure statute?   Are they subject to forfeiture and condemnation
by an order and judgment of court?   This claim has to do
primarily with 15 boxes of dried fruit and 5 sacks of sugar

each weighing 100 pounds. Defendant Collins alleges that his right of property, ownership, and control are superior and paramount to the right of the state therein.

Appellant presents the question on this appeal as follows: Are the 15 boxes of dried fruit, the 5 sacks of sugar,. the one pressure gas tank and burner, one funnel, and one-half gallon measure subject to be seized under the search warrant herein and confiscated as provided by the law for the confiscation of intoxicating liquor? This interrogatory fairly states the issue.

The dried fruit, including peaches, apricots and prunes, was kept and intended to be used by the defendant in the illegal manufacture of intoxicating liquors. This is also true of the sugar and the other questioned articles. These items of personalty are innocent *per se* and their ordinary use is legal. Does the intent of the owner to convert them to an illegal use subject the owner to a forfeiture thereof under the terms of the statute in question?

Proceedings to condemn intoxicating liquors, illegally manufactured or kept with the intent to sell are quasi criminal. *State v. Taggart*, 186 Iowa 247. The statute being penal in its nature nothing can be left to inference, presumption or legal intendment. A court is not privileged to amend the law. Its function is interpretative—*jus dicere;* not legislative—*jus dare.* The search and seizure statute defines the things which are contraband, and subject to forfeiture and condemnation. It would be a mere figure of speech to say that dried fruit and sugar constitute potential liquor in the possession of the owner or claimant. Let us suppose that the defendant was found in possession of the merchandise involved at the time of the execution of the search warrant and that no liquor or mash was found in his possession, would the officer be legally justified in seizing articles innocent in themselves and which had not been put to an illegal use? If seized, would a court be legally privileged to forfeit and order same to be destroyed? Due process of law answers in the negative. The statute itself does not provide for the condemnation or destruction of merchandise or chattels of this species. Had the defendant been prosecuted and convicted in a criminal case on indictment for maintaining a liquor nuisance or had the defendant been subject to injunctive process

and a judgment entered then the trial court in either case under the mandate of the statute must abate the nuisance. How?

The court must enter an order directing the destruction of the liquor, and "the removal from the building or place of all fixtures, furniture, vessels or movable property used in any way in conducting the unlawful business and sale thereof, in the manner provided for the sale of chattels under execution, and the effectual closing of the building," against its use for one year for any prohibited purpose.

It is further provided: "For removal and selling the movable property, the officer shall be entitled to charge and receive the same fees as he would for levying upon and selling like property on execution." Section 2408 Code 1897. In construing this section it is said in *State v. McGraw*, 191 Iowa 1090: "All property is held under the implied obligation that the owner's use of it shall not be injurious to the community, and an owner with knowledge or notice in the premises cannot complain if loss ensues after the law works a forfeiture in the suppression of an evil connected with the use thereof."

The instant case, however, is not within the purview of Section 2408. The legislature could repeal the latter section without affecting in any manner the search and seizure statute. The provisions of the two sections, the character and method of the procedure, and the penalties defined are different. Limitations, both constitutional and statutory, must be recognized in the issuance of a search warrant, and the character of the property that is subject to seizure and subsequent condemnation is also within defined limitations. The mere intent to use an article innocent in itself for illegal purposes is not sufficient to bring that article within the search and seizure statute governing intoxicating liquors. The statute does not provide for the destruction of such property and it would be an arbitrary act on the part of a court to confiscate and enter judgment for its disposition by destruction, sale or gift.

The fortieth general assembly of the state of Iowa (1923) recognized this proposition in the enactment of Chapter 23 effective July 1, 1923. This act not only provides for the search and seizure of liquor, instruments, vessels, and materials used or intended to be used in the manufacture or sale of intoxicating

liquor, but provides for a physical destruction or a disposition of them. The act further provides that "any statute of this state providing for the destruction of intoxicating liquors shall be construed so that the disposition of such liquors under the provisions of this chapter shall constitute a destruction thereof within the meaning of such statute."

This legislative act is a recognition by the law-making power that the search and seizure statute now in force does not sanction the condemnation or destruction of the personal property of a claimant under the circumstances of the case at bar. Wherefore the judgment entered by the trial court in relation to the confiscation and condemnation of the questioned articles is—*Reversed*.

PRESTON, C. J., EVANS and ARTHUR, JJ., concur.