STATE OF IOWA, Appellant, v. WILLIAM BAILEY, Appellee.

INDICTMENT AND INFORMATION: Requisites and Sufficiency—
1 Narcotic Drug Act—Negativing Exceptions. An indictment for the unlawful possession of narcotic drugs need not, in view of Sec. 3156, Code of 1924, negative the exception of the statute (Sec. 3154, Code of 1924) relative to possession under the prescription of named medical practitioners. (See Book of Anno., Vol. 1, Sec. 13742, Anno. 30 *et seq.*)

INDICTMENT AND INFORMATION: Exhibits—Failure to Return—
2 Effect. Relevant exhibits are admissible upon the trial of an indictment even though they have not been before the grand jury, or, if before such jury, have not been returned. (See Book of Anno., Vol. 1, Sec. 13729, Anno. 46 *et seq.*)

Headnote 1: 31 C. J. p. 725. Headnote 2: 16 C. J. p. 858 (Anno.); 31 C. J. p. 596.

*Appeal from Woodbury District Court.*—MILES W. NEWBY, Judge.

JUNE 21, 1926.

The defendant was indicted, charged with having narcotic drugs in his possession. At the conclusion of the State's evidence, the court sustained a motion for a directed verdict of not guilty. From a judgment accordingly, the State appeals.—*Affirmed by operation of law only.*

*Ben J. Gibson,* Attorney-general, and *O. T. Naglestad,* County Attorney, for appellant.

*Carlos W. Goltz* and *Jepson, Struble, Anderson & Sifford,* for appellee.

VERMILION, J.—The defendant was indicted for having in his possession and under his control  morphine and other narco-

**1. INDICTMENT AND INFORMATION: requisites and sufficiency; Narcotic Drug Act: negativing exceptions.** tics, an exact description of which was alleged to be to the grand jury unknown.  The defendant's motion for a directed verdict of acquittal was based (1) on the alleged insufficiency of the indictment, and (2) on the alleged insufficiency of the evidence to sustain a conviction.  The motion was sustained generally.

The errors relied upon by the appellant relate to the holding that the indictment was insufficient, and to the exclusion of certain evidence offered by the State.  The controlling statutes (Code of 1924) are as follows:

"3154.  No person shall have any narcotic drug in his possession or control for any purpose, unless he obtained the same upon the original written prescription of a licensed physician, dentist, or veterinarian, who has registered under the Federal law regulating the traffic in narcotic drugs.

"3155.  The preceding section shall not apply to:

"1.  Any person registered under the Federal law regulating the traffic in narcotic drugs who is engaged in practicing any profession, in conducting any business, or in doing any act in compliance with said law, nor to any employee or assistant under the supervision of such person, having the possession or control of any narcotic drugs by virtue of his employment and not on his own account.

"2.  To any United States, state, city, county, or municipal official who has possession of any of said drugs by reason of his official duties.

"3.  To a warehouseman holding possession for a person registered under said Federal law.

"4.  To a common carrier engaged in transporting such drugs.

"3156.  It shall not be necessary to negative any of the aforesaid exemptions under any complaint, information, indictment, or other writ or proceeding, brought under this chapter; and the burden of proof of any such exemption shall be on the defendant.

"3157.  The exemptions of the second preceding section shall not apply to any person unless it be shown by competent evi-

dence that such person has not purchased or received any narcotic drugs from a person unauthorized to sell the same.

"3158. The possession of any narcotic drugs unaccounted for by the legal authority to purchase and have possession of the same, or having possession of any such drugs concealed or stored in any other place than that provided for the storage of a stock of such drugs which have been purchased legally, shall be prima-facie evidence of the purchase of such drugs from a person unauthorized to sell or dispense the same."

I. The objection to the indictment is that it failed to allege that the defendant did not obtain the narcotic drugs in his possession upon the prescription of a licensed physician, dentist, or veterinarian duly registered under Federal law.

Upon a reading of the whole statute, we think this was not necessary. The argument of appellee is predicated upon the claimed distinction between what is said to be an exception, in Section 3154, of one who obtained narcotics upon a prescription from one licensed under Federal law, and the exemption in Section 3155 of certain designated persons from the operation of the statute.

We are of the opinion that the provisions of Section 3156 are broad enough, and were intended, to cover both the situation under which anyone, under Section 3154, might lawfully have narcotic drugs in his possession, and the persons who, under Section 3155, might lawfully have such possession. The language of Section 3156 is:

"It shall not be necessary to negative *any* of the aforesaid exemptions under *any* * * * indictment, * * * and the burden of proof of *any* such exemption shall be on the defendant."

Whatever technical word be applied to the proviso found in Section 3154, its effect is to exempt from the operation of the law any person who obtained the drug by prescription from a licensed practitioner. The language of Section 3157, in referring to "the exemptions of the second preceding section" (Section 3155) is significant. If Section 3156 refers only, as appellee claims, to Section 3155, and not also to the exception or exemption provided for in Section 3154, no reason is apparent for expressly limiting the provisions of Section 3157 to "the exemptions of the second preceding section," as was done. But, if Section 3156 was intended to have a broader scope than Section

3157, the language of both sections was apt, to express this. But the only broader meaning possible to be given to Section 3156 is to apply it to Section 3154, as well as to Section 3155.

Furthermore, by Section 3158, making the possession of narcotic drugs unaccounted for by the legal authority to purchase and have possession of the same, prima-facie evidence of the purchase of such drugs from a person unauthorized to sell or dispense the same, the State is relieved of the necessity of establishing, as an independent fact, and by evidence other than that showing such possession, that the drugs were not obtained on prescription from one licensed under Federal law. It would seem to be an idle thing to require an allegation that the drug was not obtained from a licensed practitioner on prescription, when no proof is required of that fact, save such as is to be presumed from the possession of the drug. We think that Section 3156 was designed to, and does, obviate this result, and that, in view of this statute, cases holding that an indictment must negative an exception found in the statute defining the crime are not controlling.

Our conclusion finds support in the holdings of the Federal courts on a like contention with respect to the Harrison Drug Act, which not only relates to the same subject-matter, but is similar in provisions and form to our statute. *Wallace v. United States,* 156 C. C. A. 80 (243 Fed. 300); *Rothman v. United States,* 270 Fed. 31; *Coleman v. United States,* 3 Fed. (2d Series) 243.

II. The court refused to admit in evidence certain morphine found in the possession of the defendant, upon the objection that it had not been before the grand jury, and, if before the grand jury, had not been preserved and identified as required by law. It should have been admitted. *State v. Ottley,* 147 Iowa 329; *State v. Howard,* 191 Iowa 728; *State v. Burris,* 198 Iowa 1156.

2. INDICTMENT AND INFORMATION: exhibits: failure to return: effect.

Under Section 3158, the evidence was sufficient to take the case to the jury.

Notwithstanding our conclusion that the court below was in error in the respects pointed out, upon an appeal by the State after an acquittal there can be no reversal, and the case stands

affirmed by operation of law. Section 14012, Code of 1924.—
*Affirmed by operation of law only.*

DE GRAFF, C. J., and STEVENS and FAVILLE, JJ., concur.