STATE OF IOWA, Appellee, v. GEORGE BAZOUKAS et al., Appellants.

No. 44576.

1386

June 20, 1939.

Rehearing Denied September 22, 1939.

Fred D. Everett, Attorney General, Jens Grothe, Asst. At-

torney · General, and Chas. W. Barlow, County Attorney, for appellee.

L. R. Boomhower and N. Levinson, for appellants.

OLIVER, J.—The Boston Cafe, in Mason City, Iowa, was operated by one Zahariades who owned the stock and fixtures, and who also operated the Luxury Cafe, which was diagonally across the street and above which were living rooms occupied by Zahariades and family. Appellants, George and ·Eugenia Bazoukas, husband and wife, were the parents of Mrs. Zahariades, and occupied the apartment with them. George Bazoukas worked in Boston Cafe, and had been in charge of it at times during absences of his son-in-law. George Bazoukas was working in said cafe on ·January 30, 1938. Mrs. Bazoukas came there about midnight, and shortly thereafter Mrs. Zahariades and a waitress departed, and, except for an occasional customer, the two appellants were thereafter the only persons in said cafe. At 1:20 a. m. (January 31) a witness saw the lights turned out in Boston Cafe. About fifteen minutes later the appellants left said .cafe together and walked across the street to their living quarters, George Bazoukas carrying a box. A few minutes later flames from a fire, which started in two places in the basement of Boston Cafe, burst through the first floor. After the fire had burned some portions of the building it was extinguished. Examination disclosed the presence of kerosene soaked clothing, rags, papers, floors and fixtures, boxes of matches at strategic points, and various other details on the first floor and basement which indicated incendiarism.

Taken from appellants, at their rooms, were a few packages of gum, candy, peanuts, cigars and groceries, all from the stock of Boston Cafe, also a coat worn by George Bazoukas with sleeve soaked with kerosene. It appeared that the stock and fixtures had been heavily insured by the son-in-law, and that at the time of the fire the stock was very low and some of the fixtures had been removed. The foregoing statement omits many material matters and is intended only as a bare outline of the circumstances relied upon by the state.

Most of said circumstances were not disputed by appellants. Some were explained. It was claimed the presence of kerosene upon the coat sleeve and upon certain papers and clothes in the

cafe resulted from the burning out of the stove pipes by Mr. Bazoukas, at about 10 p. m., on January 30. However, certain customers who were in the cafe at 1 a. m., on January 31, noticed no kerosene or odor therefrom on the clothes of said appellant, or in the Boston Cafe.

Appellants, George and Eugenia Bazoukas, were charged with having set said fire and were jointly indicted, tried and convicted of the crime of arson, from which conviction they prosecute this appeal. At the trial, counsel for appellants in opening statement said:

"I think so far as I am concerned that the fire was placed or set by somebody. We are not going to contest that issue."

Appellants' motion for new trial and exceptions to instructions contained the following:

"Defendants in the opening statement and throughout the trial conceded that the fire had been set by someone but claimed that they had no part in it."

**I.** Error is predicated upon the admission in evidence, over objection, of certain exhibits which had been presented to the grand jury, but had not been filed with the clerk of the district court as required by Code section 13714. In support thereof appellants cite State v. Howard, 191 Iowa 728, 183 N. W. 482; State v. Burris, 198 Iowa 1156, 198 N. W. 82; State v. Campbell, 213 Iowa 677, 239 N. W. 715. The rule of these cases is that said statutory provision is not mandatory but only directory, and that failure to comply therewith does not render such exhibits inadmissible. In State v. Burris, supra, it was said that the trial court, upon application by the defendant, should require the state to permit an inspection, under proper conditions, of such exhibits used before the grand jury as are intended to be offered in evidence upon the trial. Counsel representing appellants in the trial appear to have been advised that the exhibits were in the custody of the sheriff, subject to their inspection. In any event no application was made to the court for such inspection and no prejudice appears to have resulted from the noncompliance with the statute.

**II.** Error is assigned to rulings of the trial court in overruling objections to questions relative to other fires, propounded to George Bazoukas on cross-examination, and in re-

fusing to strike said testimony. The record does not show any objections to this line of cross-examination, or motion to strike said testimony. Nor does the record sustain the statement made in argument that the prosecution "persistently" referred to said testimony. No reference thereto by the prosecution is shown.

The only record indication as to what took place is the inference which may be drawn from an instruction requested by appellants that the jurors "have been heretofore admonished that this evidence must not be considered by you at all as against either of the defendants", and that no consideration should be given to such evidence. The court refused the instruction as requested, but did instruct that "this testimony must not be considered".

The record presented to this court leads to the conclusion that the criticized testimony was elicited without objection, that later appellants moved to strike the same and that the court thereupon admonished the jury not to consider it and in his instructions again told the jury to disregard it. No error appears in this connection.

 III. Instruction No. 7 is challenged upon the ground that the court failed to define the meanings of direct and circumstantial evidence, failed to tell the jury that the case of the state was based wholly upon circumstantial evidence and permitted the jury to infer or assume that it was based upon both direct and circumstantial evidence.

In support of this assignment of error appellants cite State v. Mikels, 224 Iowa 1121, 278 N. W. 924; State v. Blydenburg, 135 Iowa 264, 112 N. W. 634, 14 Ann. Cas. 443, and certain other authorities referred to in said cases.

However, no request for additional or more explicit instructions was made by appellants. In the absence of such request a trial court does not commit reversible error in failing to fully instruct upon the subject of circumstantial evidence. State v. Hart, 140 Iowa 456, 118 N. W. 784; State v. Alley, 149 Iowa 196, 128 N. W. 343; State v. House, 108 Iowa 68, 78 N. W. 859; State v. Lynch, 195 Iowa 560, 192 N. W. 423.

The instruction, in this case, stated that the proof need not be the direct evidence of persons who saw the alleged offense committed. Next, reference was made to circumstantial evidence as distinguished from direct evidence. Following this was a

general statement laying down the established rules governing the manner of consideration by a jury of evidence in a criminal case, when wholly circumstantial in character. Lastly, was a statement that if "in this case, there is any essential fact which is inconsistent with the guilt of either of the defendants, such fact is sufficient to raise a reasonable doubt and your verdict in such event should be 'not guilty' as to such defendant". The instruction was primarily devoted to the discussion of circumstantial evidence, and mentioned direct evidence only as therefrom differentiated. Although it did not baldly recite that the evidence was wholly circumstantial, we think no other inference could reasonably have been drawn therefrom.

It appears that the criticized instruction required the jury to treat all the evidence as being circumstantial in character. In other words the instruction correctly advised the jurors how to proceed but did not tell them the legal basis and reason therefor. Assuming the evidence to have been wholly circumstantial in character, no request was made for an instruction in that form. Whether the criticized instruction would have been erroneous had such request been made we need not decide.

IV. Another alleged error is based upon the action of the court in not submitting to the jury the offense of attempt to set fire as defined in section 12991-b5, Code of Iowa 1935. The proof showed partial burning of the building. Under the circumstances, the crime of setting fire or aiding therein was fully accomplished. Therefore, the perpetrator would be guilty of arson and not of attempt to set fire. Code section 12991-b2; State v. Spiegel, 111 Iowa 701, 83 N. W. 722.

V. Lastly, it is contended there was no legal or competent evidence to sustain the convictions of each defendant. We have no hesitancy in holding the evidence was sufficient to warrant the conviction of the defendant, George Bazoukas. Of his guilt we are abidingly convinced.

The question as to whether or not the evidence was sufficient to sustain the conviction of Eugenia Bazoukas is very troublesome. True, this court has definitely discarded the rule under which it was formerly presumed that a wife committing a crime in the presence of her husband did so under his coercion. State v. Renslow, 211 Iowa 642, 230 N. W. 316, 71 A. L. R. 1111, and cases therein cited.

However, in the absence of evidence tending to show

the participation of a wife in a crime committed by the husband her guilt thereof may not be presumed. The marital relationship frequently results in her having knowledge of and even her presence at the scene of a crime committed by her husband. That she may fail to actively oppose the same will not, in the absence of conspiracy or participation, render her likewise guilty.

The record shows that George Bazoukas was regularly employed in the premises in question, and had been working there during the greater part of the day of January 30, that he had purchased the kerosene kept in the premises, that kerosene was found upon his clothing, and that his glasses were found in the basement where the fires were started. Eugenia Bazoukas was not employed in said premises. It had been her custom to go there each night shortly before the close of business, visit with her husband and return home with him. On such occasions, and upon the night in question, she did not participate in the work or assist in the business of the cafe. Of her doings otherwise it is shown only that she occupied a chair near the stove in the front room of the establishment. From that position she would not necessarily have known of the preparations and starting of the fires in the basement or of the incendiary preparations in the rear room. Other than her presence in the building as a visitor there are no circumstances from which her guilt might be inferred. The crime was not one of a connected series of offenses and was of such character that it could have been readily committed by one person without aid. Assuming that she had knowledge of the commission of this crime we have grave doubts that under the circumstances there was sufficient evidence to warrant her conviction as a participant. The proposition is very close, but we are constrained to hold that the evidence was insufficient to sustain the conviction of Eugenia Bazoukas.

Wherefore, the case is affirmed as to the defendant, George Bazoukas, and reversed as to the defendant, Eugenia Bazoukas. —Affirmed in part; reversed in part.

MITCHELL, C. J., and SAGER, HAMILTON, STIGER, RICHARDS, HALE, and MILLER, JJ., concur.

BLISS, J., takes no part.