STATE OF IOWA, appellee, v. HERBERT KROLL and CERTAIN INTOXICATING LIQUORS, appellant.

No. 48027.

(Reported in 55 N.W.2d 251)

174

OCTOBER 14, 1952.

REHEARING DENIED DECEMBER 19, 1952.

L. V. Gilchrist, of Denison, for appellant.

Robert L. Larson, Attorney General, Earl R. Shostrom, Spe-

cial Assistant Attorney General, and Allan F. Nash, County Attorney, for appellee.

WENNERSTRUM, J.—This appeal has developed by reason of a proceeding to condemn certain intoxicating liquors and empty containers as provided for in chapter 751, 1950 Code. In the initial hearing before a magistrate the articles were ordered forfeited. The defendant, the claimant of the articles in controversy, appealed to the district court. Section 751.40, 1950 Code. In that court it was held that the warrant, under which the search was made, had been issued without probable cause and in violation of the provisions of Article I, section 8, Constitution of Iowa. It held consequently that a forfeiture could not be legally entered, and in a ruling withdrawing the case from the jury held in part as follows:

"It is therefore ordered that as to the things seized under the warrant, this case be dismissed and it is, and it is removed from the consideration of the jury. It is ordered that the articles seized * * * be released from seizure and from the custody of the officers in this proceeding, and that they be returned to the defendant Herbert Kroll *subject, however,* to any further or other custody or restraint under which said articles may be in any other proceeding or in any other case." (Italics supplied.)

The defendant has appealed to this court from the order entered by the trial court and particularly to that portion thereof following the words "subject, however,".

It appears from the record that there was pending in the district court a criminal action entitled State of Iowa v. Herbert Kroll and in which case the articles seized in the search warrant proceedings were involved.

The question raised and presented on this appeal is: Should a trial court, under circumstances as herein set forth, order the immediate restoration of the property to the one from whom it was improperly taken, as in the case of the present appellant; or can the court order the seized articles held for use in a criminal action then pending?

Constitutional and statutory enactments that are pertinent

to our discussion of the question heretofore set forth are hereinafter set out.

Article I, section 8, Constitution of Iowa: "Personal security—searches and seizures. Sec. 8. The right of the people to be secure in their persons, houses, papers and effects, against unreasonable seizures and searches shall not be violated; and no warrant shall issue but on probable cause, supported by oath or affirmation, particularly describing the place to be searched, and the persons and things to be seized."

Section 751.23, 1950 Code: "Property restored. If it appears that the property taken is not the same as that described in the warrant, or that there is no probable cause for believing the existence of the grounds on which the warrant was issued, the magistrate shall cause it to be restored to the person from whom it was taken."

Section 751.43, 1950 Code: "Stay of proceedings. If an appeal be taken, the same shall operate as a stay of proceedings and the property seized under the warrant and involved in the appeal shall not be returned to any claimant thereof nor sold or destroyed or otherwise disposed of until final determination is had."

Section 771.13, 1950 Code: "Evidence returned and filed. When an indictment is found, all minutes and exhibits relating thereto shall be returned therewith and filed by the clerk of the court."

In order that the facts relative to the criminal case and the use of the exhibits here involved before the grand jury may be understood, we shall set out portions of the evidence and a subsequent ruling of the trial court. The objections made by the appellant's counsel are not noted. The sheriff in the original hearing testified in part as follows: "The property that I obtained in this search was turned over to the clerk this morning at your [the county attorney] request."

In connection with a motion by the appellant asking the court to reconsider the original ruling made by it and as heretofore set forth the sheriff further testified in part:

"The exhibits were in my possession at the time I appeared before the grand jury and they remained in my possession after

I testified before the grand jury. Later at your [the county attorney] direction I turned the exhibits over to the clerk, M. Peters. Q. And when you gave them to the clerk of the court, what did you inform him concerning these exhibits? * * * A. I told him I was turning this over to him, that they were the exhibits in the case of State of Iowa vs. Herbert Kroll. * * * I asked the clerk to give me a receipt. The court: Did he give you a receipt? A. Not yet. He was busy at the time I asked him, and he made a notation on the box and said he would give me a receipt at a later date, but to this date I haven't received it. * * * Yes, I would say that I told him those were exhibits in State of Iowa vs. Herbert Kroll. No, I did not tell him anything about the number of the case or the nature of it. No, I did not describe it in any other way than naming it. * * * No, I did not describe the case when I told him these were exhibits in State of Iowa vs. Herbert Kroll. No, I did not describe the case other than naming it, I just told him that the county attorney had requested that I turn them over to him. * * * I made no statement concerning the fact that these were exhibits that had been before the grand jury."

The clerk of the district court in the original hearing testified: "Certain exhibits were delivered to me in a case of State vs. Herbert Kroll. This box and its contents is the property as delivered to me as exhibits in this matter. There has been no change or alteration in the contents of the bottles, or in the box."

In connection with the motion to reconsider the court's original ruling the clerk further testified in part as follows:

"I have brought with me some bottles containing apparently whiskey and champagne and some empty ones.

"They bear exhibit marks and were produced by me as exhibits in this case, 18810. I was called as a witness and produced these. * * *

"I thought the exhibits were filed in 18802. I think 18802 is the appeal, or the confiscation. * * *

"According to the judge's instructions I refuse to turn over the exhibits. I feel that is the will of the court. These exhibits were offered in evidence in 18810 and are so marked and are

now in my custody. \* \* \* N. P. Cavett, Sheriff of Crawford County, gave them to me. He gave me no instructions, just hold them, in other words, well, just left them there with me, just said they were in the case against Herbert Kroll. \* \* \* Besides the sheriff, the county attorney told me just to hold them. He did not tell me how, or in what case to file them. No one else did."

The trial court in its ruling on the motion to reconsider stated in part as follows:

"The court is of the opinion that the articles must have been deposited and left with the clerk by the sheriff under the provisions of section 771.13, Code of 1950, which provides that when an indictment is found, all minutes and exhibits relating thereto shall be returned therewith and filed by the clerk of the court. \* \* \* It consists in receiving them officially, and now that the evidence on the matter has been completed, the court is of the opinion that the clerk did receive these articles officially, and that they were filed in the case in question which the sheriff described as State of Iowa vs. Herbert Kroll and which the clerk described as case number 18802. In any event, the court is convinced that the original deposit of the articles with the clerk by the sheriff was not in this case, and that the deposit must have been under the above section. That being true, the court is of the opinion that it is the duty of the clerk to retain them until the other case, being the one referred to by the clerk as 18802, is disposed of in some manner \* \* \*.

"It is ordered that the court cannot and does not now modify its orders previously made in this case, but permits said orders to remain as originally made and to be effective only when the other custody or detention spoken of herein has ended."

There may be some variance in the testimony and ruling relative to the number of the two cases. However, there can be no misunderstanding that there was a confiscation case—the one here on appeal and a criminal case. The latter was the one in which the sheriff testified in his appearance before the grand jury and where the exhibits in question were presented by the sheriff.

 I. In the light of the record made we have concluded that the court was justified in ordering the exhibits held for such use as might be later determined proper in connection with the criminal case. The delivering of exhibits used before the grand jury to the clerk of the district court was in conformity with the statutory directive. Section 771.13, 1950 Code. The fact that the exhibits were not delivered to the clerk until the day of the hearing relative to the confiscation proceeding in no way affects the validity of the order entered by the trial court. The temporary holding of exhibits by the sheriff is not improper. The provision of the statute relative to filing exhibits with the clerk is directory only. State v. Bazoukas, 226 Iowa 1385, 1388, 286 N.W. 458.

 It should be kept in mind that there are two different cases and that they are affected by two different statutes. A ruling in the confiscation case should not affect the criminal case proceeding. We cannot conclude that the two statutes are in conflict. They pertain to two different situations. We held in Iowa Farm Serum Co. v. Board of Pharmacy Examiners, 240 Iowa 734, 740, 35 N.W.2d 848, 851, that "* * * where there are two statutes relating to the same subject matter they should be construed, if it can be done, so that both may have full force and effect." This rule of law has particular effect in the instant situation. To hold otherwise would make irregularities in one proceeding the basis of making another proceeding of a different nature ineffectual.

 II. We do not believe we should be concerned in this appeal whether or not the exhibits in controversy are admissible in evidence in the criminal case. Our concern in this present appeal relates only to whether the exhibits in question should be returned to the claimant. It is shown by an amendment to the abstract that the witness Kroll testified that the whiskey and champagne here involved were purchased in the liquor store in Denison. These bottles bore the stamp of the Iowa Liquor Commission. This may show that they may have been legally purchased, but it does not answer the question whether they should be returned in this proceeding to the claimant. In the complainant's application for discharge of the property seized he alleges that it was not possessed by him, or owned or kept

for sale by him in violation of the laws of the State of Iowa and that he had no intention of selling any of it. He further alleges that a search warrant, if it authorized anything, authorized only the seizure of whiskey, rum, wine and brandy and only such liquor kept for sale and that the property seized was not so owned or kept. It further alleges that the seizure of the property obtained was illegal and in violation of the rights of the defendant for the reason that the officers were armed only with a warrant to search "Herb's Place", a beer parlor, but that without authority they entered the residence of this defendant in a separate part of the building and took therefrom the property in question.

These allegations in the claimant's application for discharge of the property seized are affirmative allegations. The only evidence shown by the amended abstract of record by which the defendant sought to substantiate the allegations of his application is as heretofore set forth. The burden is on the defendant to prove any matters alleged as a defense. 20 Am. Jur., Evidence, section 137, page 142. The slight evidence to which we have heretofore referred does not in our judgment meet the burden placed upon the claimant. This conclusion is supported by the case of Lotto v. United States, 8 Cir., Iowa, 157 F.2d 623, 626, where that court quoted from the case of Schnitzer v. United States, 8 Cir., Ark., 77 F.2d 233, 235, as follows: "While courts should be alert to prevent encroachments upon constitutional guarantees, the right to such protection is a matter of proof with the burden upon the one alleging such protection."

Although the record does not show that there was an arrest made at the time of the seizure of the liquor in question, yet where subsequent criminal proceedings are instigated we see no reason why property of the plaintiff seized cannot and should not be held for use in such a case. Although the facts are not the same and there may not have been an immediate arrest, yet we believe that the statements made in Getchell v. Page, 103 Maine 387, 390, 69 A. 624, 626, 18 L. R. A., N. S., 253, are here applicable. It was therein stated as follows:

"It is well settled that an officer making an arrest upon a criminal charge may also take into his possession the instruments

of the crime *and such other articles as may reasonably be of use as evidence upon the trial.* The officer not only has the lawful power to do so, but he would be blameworthy if he failed to do so. The maintenance of public order and the protection of society by efficient prosecution of criminals require it. *The title to the property remains in the owner, but the lawful possession is temporarily in the officer for evidentiary purposes, subject to the order of court.* Thatcher v. Weeks, 79 Me. 547, 11 Atl. 599; Spalding v. Preston, 21 Vt. 9, 50 Am. Dec. 68; Bishop, Crim. Proc. 211." (Italics supplied.)

As bearing only upon the question pertaining to the forfeiture proceeding in the instant case reference is here made to the case of State v. Arluno, 222 Iowa 1, 4, 268 N.W. 179, 181, where it is stated:

"We have held, however, that the absence of an adjudication and declaration of forfeiture of the liquor, is not a condition precedent to the introduction of evidence tending to show a violation of the liquor law. This question was directly passed upon in State v. Boever, 203 Iowa 86, 210 N.W. 571, 572, where the same contention was made as in the case at bar."

The State in its brief and argument asserts that even though the search warrant might have been improperly issued and the seizure illegal, yet the exhibits used before the grand jury are admissible in evidence. It cites the case of State v. Tonn, 195 Iowa 94, 191 N.W. 530. Subsequent cases which have approved the holding in the Tonn case are also cited. The question relative to the admissibility of the exhibits herein in question may be pertinent in the trial of the criminal case but we are not required to pass on that problem in this appeal.

By reason of our holding heretofore set forth we are justified in affirming the trial court.—Affirmed.

MULRONEY, C. J., and BLISS, MANTZ, OLIVER, GARFIELD, and THOMPSON, JJ., concur.

HAYS and SMITH, JJ., dissent.

HAYS, J. (dissenting)—I respectfully dissent.

The issue involved on the surface is whether certain bottles

of whiskey should be returned to the claimant-appellant forthwith or whether they may be held pending trial of an indictment against claimant in which they are exhibits. Underneath the surface, however, is the force and effect of Article I, section 8, Constitution of Iowa, and section 751.23, Code of 1950. Also, according to the majority opinion, section 771.13, Code of 1950.

Article I, section 8, Constitution of Iowa, a part of the Bill of Rights, states: "The right of the people to be secure in their persons, houses, papers and effects, against unreasonable seizures and searches shall not be violated; and no warrant shall issue but on probable cause * * *." An unreasonable search has been defined as a *search without authority of law* of one's premises, with a view to the discovery of stolen, contraband or illicit property or for some evidence of guilt, to be used in the prosecution of a criminal action. 47 Am. Jur., Searches and Seizures, section 52.

As stated in the majority opinion, the trial court found and ruled that the search warrant was issued without probable cause and was void. There has been no appeal from this finding, hence the case before this court is one of an "unreasonable search" as a matter of law. It is therefore a clear violation of the rights of claimant under the Bill of Rights, supra. It might be stated that the articles seized bore the stamp of the Iowa Liquor Control Commission and are not contraband per se.

Section 751.23, Code of 1950, provides: "If it appears that the property taken is not the same as that described in the warrant, or that there is no probable cause for believing the existence of the grounds on which the warrant was issued, the magistrate shall cause it to be restored to the person from whom it was taken." In other words, if the warrant was issued in a manner forbidden by the Constitution, supra, it shall be restored to the owner. Under the rule of construction announced in Vale v. Messenger, 184 Iowa 553, 558, 168 N.W. 281, the word "shall" in the statute is construed as mandatory. See also Wisdom v. Board of Supvrs., 236 Iowa 669, 19 N.W.2d 602.

The trial court recognized this rule but held that the return should be delayed until after the trial of the pending indictment. The majority opinion adopts this view.

Thus the single question before this court is: *"Must* the court, under this record, immediately restore the property or *may* it hold the seized articles for use in the pending case?"

In my judgment, the order must be for immediate restoration. The legislature said nothing in section 751.23 about holding the seized property temporarily after it was found that the search warrant was void. It is not the province of this court to legislate. As said in State v. Certain Intoxicating Liquors, 196 Iowa 230, 232, 194 N.W. 283: "Proceedings to condemn intoxicating liquors * * * are quasi-criminal. * * * The statute being penal in its nature nothing can be left to inference, presumption or legal intendment. A court is not privileged to amend the law. Its function is interpretative—*jus dicere*; not legislative—*jus dare.*"

The majority opinion seeks to sanction the holding of the seized articles, under section 771.13, Code of 1950, which is as follows: "When an indictment is found, all minutes and exhibits relating thereto shall be returned therewith and filed by the clerk of the court." It is conceded that this statute is merely directory. State v. Bazoukas, 226 Iowa 1385, 286 N.W. 458. In State v. Bailey, 202 Iowa 146, 209 N.W. 403, we held relevant exhibits were admissible upon the trial of an indictment even though they had never been before the grand jury.

The majority opinion states that there are here "two different cases and that they are affected by two different statutes"; that a ruling in the confiscation case should not affect the criminal proceedings, and we should not conclude that the two statutes are in conflict, citing Iowa Farm Serum Co. v. Board of Pharmacy Examiners, 240 Iowa 734, 740, 35 N.W.2d 848, 851, to the effect that "where there are two statutes relating to the same subject matter, they should be construed, if it can be done, so that both may have full force and effect."

I have no quarrel with the rule of construction announced. I do however take sharp issue with the statement that the two statutes relate to the same subject matter. Section 771.13 is merely a suggested course of orderly procedure to be followed by a grand jury in returning an indictment. That it does not deal with any substantive rights of an individual is evidenced by our holding in State v. Bailey, supra. On the other hand, section

751.23 is clearly a legislative enactment of the provisions of Article I, section 8, Constitution of Iowa, and deals specifically with substantive rights. As stated in 47 Am. Jur., Searches and Seizures, section 10:

"The main, if not the sole, purpose of these inhibitions is to place a salutary restriction on the powers of government; that is to say, to provide against any attempt, by legislation or otherwise, to authorize, justify, or declare lawful any unreasonable search or seizure. This restriction was intended to operate on legislative bodies, so as to render ineffectual any effort to legalize what the people expressly stipulated could in no event be made lawful; * * * and upon the judiciary, so as to render it the duty of the courts to denounce as unlawful every unreasonable search and seizure, whether confessedly without color of authority, or sought to be justified under the guise of legislative sanction."

If these two statutes relate to the same subject matter, as apparently the majority opinion holds to be the case, then in my humble opinion section 771.13 cannot stand in the face of the Constitutional provision. The answer is that they have no relation to each other and apply to entirely different matters.

The majority opinion further holds that the burden rests upon claimant to prove any affirmative defense, i. e:, why the seized articles should be returned. In this, the opinion clearly overlooks or ignores the basic factor in the case, namely, that it is the law of the case that the search warrant was issued without probable cause and was void.

Attempt is also made to liken the case to the situation where an officer in making an arrest may also take into his possession such articles as may reasonably be of use as evidence upon the trial, citing Getchell v. Page, 103 Maine 387, 69 A. 624, 18 L. R. A., N. S., 253. That case is an action against the officer for wrongful taking, involves a valid search warrant and is based on an entirely different statute. It is not in point. Furthermore, the officers were not making an arrest, nor does the record show claimant was ever arrested under the search warrant proceedings. Section 751.36, Code of 1950, authorizes an officer, when acting under a search warrant, to seize articles which may have evidenti-

ary value, but certainly a valid warrant is a condition precedent.

State v. Arluno, 222 Iowa 1, 268 N.W. 179, is cited as bearing upon the question. All that case holds is that although not forfeited, articles may still be received in evidence upon the question of intent, where if forfeited they create a prima-facie case of intent.

Appellant argues that the case of State v. Tonn, 195 Iowa 94, 191 N.W. 530, is determinative of this case. That case merely announces a rule of evidence and is clearly not in point.

While it might make the work of the law-enforcing officers easier if they could overlook the provisions of the Constitution, as is in effect contended for by the State, and which is the actual result of the majority opinion, I am not prepared to let the bars down by removing the safeguards set up under the Bill of Rights. Under this opinion no search warrant is needed by officers desiring to obtain evidence of a law violation. Once they get it, no matter how, it is available for use against the party from whom taken by merely rushing it before a grand jury or even by merely showing it to be relevant to the issue in a pending or contemplated case. It would nullify section 751.23, Code of 1950, and likewise Article I, section 8, Constitution of Iowa. It would create an extremely dangerous precedent. I would reverse.

SMITH, J., joins in this dissent.