STATE of Iowa, Appellee,

v.

Charles J. KAUFMAN, Appellant.

No. 55412.

Supreme Court of Iowa.

Oct. 18, 1972.

Hart & Hart, Waukon, for appellant.

Richard C. Turner, Atty. Gen., Allen J. Lukehart, Asst. Atty. Gen., and John W. Shafer, County Atty., Waukon, for appellee.

Heard before MOORE, C. J., and UHLENHOPP, REYNOLDSON, HARRIS, and McCORMICK, JJ.

REYNOLDSON, Justice.

Trial court upheld a justice of peace court ruling adverse to defendant's special appearance attacking its jurisdiction to for-feit a tin of "Ozona Sniffing Powder" and a quantity of alleged marijuana. We reverse.

Defendant does not contend the warrant-based search of his truck and seizure of the above items were violative of his statutory or constitutional rights. He relies solely on State's failure to give proper statutory notice of forfeiture of the property, asserting as a consequence the justice of peace court never acquired jurisdiction for its subsequent judgment of forfeiture.

Section 751.16, The Code, specifies notice of forfeiture hearing shall be issued within 48 hours of officer's return of warrant and shall be addressed, "To all persons whom it may concern." Section 751.17 provides the notice shall be served by posting. The State concedes none of these requirements were met.

Search warrant proceedings are in rem, directed primarily against the property, not the owner. Section 751.2, The Code; State v. Dougherty, 147 Iowa 570, 126 N.W. 696 (1910). The judgment of forfeiture adjudicates more than the rights of the owner, keeper or possessor named in the notice. *Any* person claiming an interest in the property has the right to contest the forfeiture. Section 751.21, The Code.

The State does not contest defendant's standing to challenge sufficiency of the notice in its failure to be addressed, "To whom it may concern." Nor does defendant constitutionally attack the statutory notice procedure as violative of the rule announced in Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). Thus we are not required to decide those questions.

In other law areas we have noted forfeitures are not favored and forfeiture statutes should be strictly construed. State ex rel. Woodbury County Anti-Saloon League v. McGraw, 191 Iowa 1090, 183 N.W. 593 (1921). Our conclusion the notice requirements are mandatory is rein-

forced by the use of the word "shall" in §§ 751.16 and 751.17. See Rath v. Sholty, 199 N.W.2d 333 (Iowa 1972); Schmidt v. Abbott, 261 Iowa 886, 156 N.W.2d 649 (1968).

■ Statutorily proper service on this known defendant, a non-resident, was by posting. The State argues a notice served on an attorney who may have been representing defendant satisfied constitutional requirements of due process. This begs the question presented: Did failure to follow plain statutory notice requirements in material respects deprive the court of jurisdiction to forfeit property? Actual notice, manifested by the special appearance, is no substitute for service of notice according to statute. See Krebs v. Town of Manson, 256 Iowa 957, 129 N.W.2d 744 (1964); Parkhurst v. White, 254 Iowa 477, 118 N.W.2d 47 (1962).

■ We hold the notice requirements of §§ 751.16 and 751.17 are mandatory and jurisdictional. There was a substantial failure to comply with these requirements. Therefore defendant's special appearance should have been sustained. The justice of peace court was without jurisdiction to forfeit.

■ Nothing said here should be construed to indicate the search and seizure were unconstitutional, if defendant should challenge that process in the criminal proceeding stayed during this appeal. This decision does not excise the items seized from their alleged status as controlled substances defined by First Session of the 64th General Assembly, Chapter 148; nor prevent their retention under court order as potential evidence in the criminal trial. See § 751.36, The Code; State v. Kroll, 244 Iowa 173, 55 N.W.2d 251 (1952). The forfeiture proceeding and the criminal actions are separate and independent. See Dobbins v. United States, 96 U.S. 395, 24 L.Ed. 637 (1878).

Reversed.